## SUPREME COURT.

### Van Rensselaer agt. Emery and others.

Where copartners dissolve partnership, and one of the partners assigns his interest in the copartnership property to a third person, the latter becomes entitled to receive the share of the surplus which, after extinguishing all debts and adjusting the equities between the partners themselves, would have belonged to his assignor. And where it is agreed that the assignee shall act with the remaining partner in the settlement of the partnership business, either has the right, as the partners would have had prior to the assignment, to apply the partnership funds and effects to the discharge of partnership debts and liabilities.

Where a *receiver* has been duly appointed under proceedings supplementary to execution, to enforce payment of a judgment against the copartnership

property, he ought not to be made a party to an action and an *injunction* issued restraining him in the discharge of his official trust. The proper remedy in such case is to apply to the court for instructions.

The receiver, when regularly appointed, becomes entitled to the possession of the debtor's property. The effects thus in his possession are deemed in the possession of the court. To enjoin a receiver, under such circumstances, from taking possession of the property, is but to restrain the court itself from making the proper disposition of the funds which may come into the receiver's hands.

*At Chambers, February,* 1854. Motion to dissolve injunction. The complaint states that the defendants, Henry D. Emery and James Redfield, for several years had been copartners in business, in the city of Albany, under the firm of Emery and Co., that the copartnership was dissolved on the 10th of December, 1853, at which time the plaintiff was liable for the copartnership as surety or endorser to an amount exceeding thirty thousand dollars, and for the defendant, James Redfield, to the further amount of about seven or eight thousand dollars.

It is further stated, that on the day on which the copartnership was dissolved, Redfield assigned and transferred to the plaintiff all his interest and share in the property of the firm, including books, accounts, and demands of every description, and it was agreed between the partners and the plaintiff, that the business of the firm should be settled by the defendant, Henry D. Emery, and the plaintiff, or an agent to be appointed by him, jointly; that Christopher W. Bender was appointed such agent, and he, with Henry D. Emery, took possession of the copartnership effects, and made an inventory thereof, and commenced the settlement of the business.

It is further stated in the complaint, that on the 31st of December, the defendants, Henry D. Emery, George W. Emery, and Austin S. Kibbe, together with Horace L. Emery, entered the store which had been occupied by the firm, and removed the books and papers, and that the defendant, Austin S. Kibbe, had them in his possession, and claimed to be entitled, as a receiver, to the sole control of the books, accounts, and debts, and refused to allow the plaintiff, or his agent, to have access thereto, or in any way to participate in the management of the property; that the defendant, Kibbe, claimed to have

been appointed a receiver upon certain proceedings supplementary to execution in two actions in which judgments had been recovered against Henry D. Emery and James Redfield, as joint debtors, no process having been served upon Redfield in either case, and in which judgments had been entered upon an offer or consent signed by Henry D. Emery alone, in the name of the firm of Emery and Co., and without the consent of the defendant, Redfield.

The plaintiff also states, that the defendant, George W. Emery, was in no way a creditor of the firm when the dissolution took place, but that since that time he had obtained an assignment of the demands upon which his judgment had been confessed.

It also appeared that the defendants, Henry D. Emery and James Redfield, had, before the dissolution, confessed a judgment in favor of the plaintiff for $18,800, upon which, on the 16th of December, an execution was issued and levied upon the personal property of the firm, and that, upon a sale of the property so levied upon, an amount nearly sufficient to satisfy the judgment had been realized.

Some other facts are stated in the complaint and the affidavits read upon the motion, but they are not material to the questions decided.

Upon the complaint and the affidavits verifying the material allegations thereof, an injunction was allowed by the county judge, restraining the defendants, Henry D. Emery, James Redfield, and George W. Emery, from collecting or receiving, or in any way interfering with any debts, demands, accounts, &c., which belonged to the firm of Emery and Co., at the time of its dissolution, and also restraining the defendants last named, and also the defendant, Austin S. Kibbe, from disposing of, selling, transferring, paying, or applying said debts, accounts, &c., in any way, until the further order of the court. A motion was made on behalf of the defendants, Austin S. Kibbe, George W. Emery, and Henry D. Emery, to dissolve or modify the injunction.

C. M. JENKINS, *for Plaintiff.*
T. C. SEARS, *for Defendants.*

HARRIS, Justice. Upon the dissolution of the partnership, it became the primary duty of the partners to wind up its affairs. For this purpose either partner might collect debts due to the partnership, and apply the partnership effects to the discharge of partnership liabilities. By the assignment from Redfield to the plaintiff, the latter succeeded to the interest of the former in the partnership estate. He became entitled to receive the share of the surplus which, after extinguishing all debts and charges, and adjusting the equities between the partners themselves, would have belonged to the assignor. (*Story on Part nership*, § 322, 326, 328, 341.) By virtue of the agreement between the partner, Emery, and the plaintiff, at the time the assignment was made, the plaintiff was to act with Emery in the settlement of the partnership business. Either would have had the right, as either partner would have had but for the assignment to the plaintiff, to apply the partnership funds and effects to the discharge of the partnership debts and liabilities. The fact that this has been done by the partner, Emery, without the consent, or even the knowledge of the plaintiff, if it has been done in good faith, furnishes no just ground of complaint. In doing so, he has but executed what was the duty of both parties, which was to wind up the partnership concerns by satisfying the debts and charges against it, and thus prepare for an equitable division of the surplus.

I think, too, the injunction against Kibbe should not have been granted. It has already been held that the judgment and proceedings under which he was appointed receiver were regular. See Emery agt. Emery, (*ante, p.* 130.) As such receiver he is the officer of the court, or, as he has been aptly called, " the hand of the court." (1 *Barb. Ch. Pr.* 658.) He is subject to the order and control of the court. The proper mode of restraining such an officer when engaged in the discharge of his official trust is by application to the court for instructions, and not by making him a party to an action and obtaining an injunction against him.

But waiving this objection, I think the injunction ought not to be continued as against the receiver. Judgments have been

recovered against the copartnership which are valid as against the copartnership estate. The defendant, Kibbe, has been appointed a receiver upon proceedings had upon those judgments, in the manner prescribed by law. When his appointment was perfected, by giving the requisite security, he became entitled to the possession of the partnership effects. The effects, thus in his possession, are deemed to be in the custody of the court, and will not be disposed of, it is to be presumed, without a hearing of all the parties who have a right to be heard. To enjoin the receiver, under such circumstances, is but to restrain the court itself from making the proper order for the disposition of the funds which may come into the hands of its officer.

As against the defendants, George W. Emery and Austin S. Kibbe, therefore, the injunction must be vacated with costs of the motion, to abide the further order of the court. As against the defendant, Henry D. Emery, the injunction was properly allowed. Where, upon the dissolution of a partnership, the partners cannot agree upon the mode of closing its affairs, it is the practice of a court of equity, with a view to the protection of all who are interested, to exclude all the partners from any participation in the business of closing it up, and appoint a receiver for that purpose. The plaintiff having, with the consent of Henry D. Emery, been admitted to the rights of Redfield, has the same right that Redfield would have had to exclude Emery from the management of the partnership concerns, and to have a receiver appointed, so that the business may be wound up under the direction of the court. As to the defendant, Henry D. Emery, therefore, the motion must be denied, with costs of opposing the motion, to abide the further order of the court.