Argued 29 January; decided 12 March; rehearing denied 9 April, 1900.

## GOODNOUGH *v.* GATCH.

[ 60 Pac. 383.]

SUBROGATION—RECEIVERS—EQUITY.

1.   A creditor who seeks to reach property in the hands of a receiver and have it applied to the payment of his claim should proceed in the receivership suit by petition, and not by an original suit in equity.

LEAVE TO SUE—ESTOPPEL.

2.   An order of court, obtained *ex parte*, and without notice to interested parties, authorizing a suit against a receiver, does not preclude the court from dismissing such suit on the ground that plaintiff has mistaken his remedy.

From Marion :  GEO. H. BURNETT, Judge.

This is a suit by A. Goodnough against Claud Gatch and R. J. Fleming to require a receiver to deliver to the plaintiff any balance of the receivership property remaining in his hands after deducting the costs and disbursements of the suit wherein he was appointed. The complaint, after alleging permission of the court to bring the suit, avers that under and by virtue of a decree of the Circuit Court of Marion County, in a suit wherein Samuel Heitshu, C. H. Woodard, and L. G. Clarke were plaintiffs, and W. E. Hawkins and others defendants, the defendant Gatch was appointed receiver, and as such is in the possession of certain money, notes and accounts formerly belonging to the estate of Hawkins, for the purpose of collecting the same, and applying the proceeds towards the liquidation of a judgment of Heitshu and others against Hawkins ; that among the property so in his possession is a note of Eugene and Percy Willis

to Leo Willis for $650, which was indorsed by the latter to R. J. Fleming, and by Fleming to the defendant Gatch, without recourse; that such note is of the probable value of $650, is not yet due, and is in the actual possession of Fleming, who it is desired should be restrained from disposing of the same otherwise than according to the prayer of the complaint; that on June 30, 1893, Woodard and Clarke, for a valuable consideration to them paid, sold, assigned and transferred all their interest in the judgment against Hawkins to Heitshu, who ever since has been and is now entitled to any balance of the property in the hands of the receiver which may be left after the payment of the costs of the suit and of the receivership; that on the second day of July, 1897, the plaintiff recovered a judgment in the Circuit Court of Multnomah County against Heitshu and one F. K. Arnold for the sum of $1,062.95 and interest, and caused an execution to be issued thereon and placed in the hands of the Sheriff of Marion County for service, but that such sheriff has been unable to find any property belonging to Heitshu out of which to satisfy the judgment, and without knowledge of the receivership attempted to levy upon the note in the possession of Fleming; that Heitshu and Arnold are insolvent, and have no other property out of which plaintiff can collect his judgment; that the defendant Gatch threatens to, and will, unless restrained and enjoined, proceed to collect the notes and accounts, and pay over the proceeds thereof to Heitshu, to the great and irreparable injury and damage of the plaintiff; that George G. Bingham, who now assumes to act as attorney for the receiver, was at all the times mentioned, and is now, the attorney of record for Heitshu, and, although purporting to act as attorney for the receiver, is seeking to have the Willis note turned over to the receiver by Fleming in order

that he may come into the possession thereof as the pretended attorney for the receiver, and seeks to acquire a lien thereon for services as attorney for Heitshu in the suit wherein the receiver was appointed, with intent to thereby cheat, hinder, delay and defraud plaintiff out of his just claims against Heitshu, his judgment debtor; that plaintiff has no plain, speedy or adequate remedy at law, wherefore he prays for a decree that Gatch and Fleming be restrained and enjoined from paying over or delivering the note or the proceeds thereof to Heitshu, or any person claiming by, through or under him, and that Fleming be restrained from delivering the note to the receiver so long as Bingham or any other attorney to whom Heitshu is indebted continues to act as the attorney for the receiver, and that upon the final hearing a decree be entered directing Gatch to deliver any balance remaining in his hands as such receiver to the plaintiff, after deducting the costs and disbursements of the suit wherein he was appointed, to be applied towards the satisfaction of plaintiff's judgment against Heitshu. To this complaint the defendants demurred on the ground that there is a defect of parties defendant, in that Heitshu and Bingham are necessary parties to a complete determination of the controversy, and that it does not state facts sufficient to constitute a cause of suit. This demurrer was sustained, and, the plaintiff refusing to amend or plead further, a decree was entered dismissing the complaint, from which he appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. M. E. Pogue, Ralph W. Wilbur,* and *Wm. M. Kaiser.*

For respondent there was a brief and an oral argument by *Mr. Geo. G. Bingham.*

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

1. We need not consider whether Mr. Heitshu and Mr. Bingham are necessary parties, because we are of the opinion that the plaintiff's remedy, if any, was by a petition to the court in the cause in which the receiver was appointed, and not by an independent suit. The property which he seeks to subject to the payment of his claim is admitted to be in the rightful possession of the receivers. It is, therefore, *in custodia legis*, and the receiver's possession, which is, in effect, the possession of the court, cannot be interfered with, either by strangers to the suit, parties thereto or persons claiming under them, or by other courts of co-ordinate jurisdiction. It cannot be seized under execution or attached, nor will the receiver be restrained in the discharge of his duties by the injunction : Smith, Rec. § 7 ; *Van Rensselaer* v. *Emery*, 9 How. Prac. 135. The plaintiff is claiming the fund in the hands of the receiver through one of the parties to the suit in which such receiver was appointed, and his right ought to be worked out in that suit. He seeks, in effect, to be subrogated to the rights of Heitshu in the original suit against Hawkins, and an order that the fund in the hands of the receiver be paid to him to apply on his judgment against Heitshu, and not to Heitshu direct ; and this question, affecting as it does, the disposition and distribution of the funds *in custodia legis*, can be passed upon only by the court having the control thereof, and in which the rights of all claimants to the fund can be protected. In such case, manifestly, the proper practice is for a person claiming an equitable interest or title to the fund to file a petition in the original suit, setting up his rights, and have them determined therein : Gluck & B. Rec. 373 ; Smith, Rec. § 415 ; *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67 ; *Porter* v. *Kingman*, 126 Mass. 141.

The question here is one involving the distribution of property in the hands of a receiver holding it subject to the orders and directions of the court, and not the right of a party to intervene in a suit between other parties.

2. Nor is the order of the court authorizing this suit conclusive. It was made *ex parte*, and without notice to interested parties, and does not preclude the court from dismissing the complaint, after a hearing, on the ground that the plaintiff has mistaken his remedy. The decree of the court below is therefore affirmed.     AFFIRMED.