39 566
46 1067

39 566
122 736

## No. 9826.

THOMAS J. WOODWARD VS. THE AMERICAN EXPOSITION RAILWAY COMPANY.—HENRY WESTON, INTERVENOR.

A railroad constructed on soil not belonging to the owner of, or to the corporation which built the road, is movable property and as such liable to the law regulating pledges on movables.

The pledgee of a railroad may take legal possession, as required by the law on pledges through a third person chosen by him and the pledgor.

A party who is bound as endorser with others for the payment of a note, secured by pledge, is legally subrogated to all the rights of the pledgee by the payment of the note.

A party whose materials, sold to another, were used in the construction of a work, has no privilege on such work, because his materials were not sold to the owner or his agent, or his sub-contractor.

APPEAL from the Civil District Court for the Parish of Orleans. Righter, J.

E. M. Hudson, W. F. & D. C. Mellen and J. P. Hornor for Plaintiff and Appellee:

A railroad constructed on the soil of another is movable personal, property; and a pledge thereof is governed by the law regulating the pledging of movables. 3 R. p. 166; C. C. arts. 3140, 3152.

The vendor of movables has a special privilege on the same superior to that of any creditor. except the lessor. C. C. art. 3217, No. 7; arts. 3227, 3263.

Subrogation takes place by operation of law, "of right," "for the benefit of him, who being bound with others, for the payment of the debt, had an interest in discharging it." C. C. art. 3249, No. 3.

A privilege in favor of a furnisher of material for the construction of buildings or other works, exists on the same only when the materials have been sold by the furnisher to the owner of the work, a third person employed by him, his agent or sub-contractor, C. C. arts. 3249, No. 3, and 3272.

*Braughn, Buck, Dinkelspiel & Hart* for Intervenor and Appellant:

Those who have supplied the owner, or other persons employed by the owner, or the agent of the owner, with materials of any kind for the construction of an edifice or other work are entitled to a privilege thereon. C. C. 3249.

The general issue is waived by a plea of novation. Hennen's Digest p. 1141.

A conventional subrogation must be made at the time of payment. 15 Ann. 400 ; 24 Ann. 471.

A contract of mandate may be tacit as well as express, and may be gathered from circumstances as well as from declarations. 8 Robinson 236 ; 14 Ann. 302 ; 22 Ann. 496,

The opinion of the Court was delivered by

POCHÉ, J. This case presents a contest between plaintiff and intervenor, both creditors of defendant company, for preference of payment out of the proceeds of portions of the railroad property.

Plaintiff is the holder of a note representing the balance of the purchase price of the rails and other iron appurtenances used in the construction of the road, which connected Canal street, in this city, with the grounds of the American Exposition.

The note, which had been executed by the defendant corporation in favor of the vendor of the materials referred to, had been endorsed by plaintiff and by other persons, and had been secured by an act of pledge, under which the railroad and all its appurtenances had been placed in the possession of a third party by mutual consent of the contracting parties. After maturity of the note it was paid by plaintiff, who thus acquired the ownership and possession thereof. In his suit he claimed to have been subrogated, by payment as endorser, to all the rights of the original holder of the note, including the vendor's privilege on the materials sold by the latter, and the right of pledge over the entire property, against which he sued out a writ of sequestration.

Intervenor claims a privilege on that portion of the road in the construction of which, lumber, which he had sold, was used, such as bridges, cross-ties, etc., and he resists plaintiff's right of pledge on that part of the work. He prosecutes this appeal from a judgment in favor of plaintiff.

The vendor's and furnisher's privilege claimed by intervenor, is resisted on the ground that his lumber was not sold to the defendant

corporation, or to another person employed by the company, or by its agent or sub-contractor; but it is alleged that the lumber was purchased from intervenor by "Cummings & West," a firm who had acquired certain privileges on the Exposition grounds, by which firm it had been sold to the Exposition, and in turn sold by the latter corporation to the defendant, by which it was used in the construction of the road.

The pivotal question involved in intervenor's contested privilege hinges upon the fact of who was the purchaser of his lumber, in the direct sale made by him.

If it was purchased by the defendant or by a person employed by it, or by its agent or sub-contractor, his privilege must be enforced. C. C. art. 3249, sec. 3:

But if the lumber was purchased by "Cummings & West," and from them through the Exposition it reached the defendant, the case is against him.

The notes which he holds as representing the purchase price of the lumber was executed by the Exposition management, and made payable to the order of "Cummings & West."

That circumstance is conclusive proof that the lumber was not sold directly to the railway company; and it is *prima facie* evidence that the lumber had been sold by "Cummings & West" to the Exposition·

That presumption is strenuously resisted by intervenor, who contends that "Cummings & West" were merely intermediaries between the Exposition and himself in the negotiations which led to the contract of sale.

On this point the voluminous testimony in the record is decidedly conflicting, and fortunately the necessities of this case do not absolutely require a final adjudication thereof.

In the face of the overwhelming evidence showing that the lumber was once purchased and owned by the Exposition, by purchase, either from "Cummings & West" or from himself directly, intervenor abandons on appeal the contention that he had dealt in the premises directly with the railway company, but he relies on the theory that in their purchase of the lumber from him, the officers of the Exposition were in fact the agents of the defendant corporation.

From our reading of the record we find that at the date of the purchase and delivery of the lumber in question, the railway company had not yet been created or organized, and that the officers then contemplated the construction of the railroad at the cost, and for the use and benefit of the Exposition.

But the plan was subsequently abandoned and a new and distinct corporation was organized, known as the American Exposition Railway Company, by which the road was built and operated, and to which the Exposition sold the lumber which it had acquired for the purpose of building a railroad, and for which it obtained valuable consideration from the defendant company, purchaser.

These facts are effectively destructive of the pretension of intervenor, who is thus left without a vendor's privilege, or the privilege of the furnisher of materials used in the construction of a work. As to the privilege set up by plaintiff on the whole road, it clearly results from the record and from the law applicable to the case.

As the railroad was constructed on the soil of another, it was movable property, and as such governed by the law regulating pledges on movables. State vs. Mexican Gulf Railroad Company, 3 Rob. 513.

Under the terms of the act of pledge, the creditor was legally put in possession of the thing given in pledge to him, by means of a third person agreed upon between the parties. C. C. 3152, 3162; Weems vs. Delta Moss Company, 33 Ann. 973.

As plaintiff was bound with others for the payment of the note, he became by operation of law subrogated to all the rights of the original pledgee at the moment that he paid the note. C. C. 3249, No. 3.

In this connection, intervenor makes the point that plaintiff must be defeated in his claims based on the act of pledge, because, in his answer to the petition of intervention, he rested his right thereto on a conventional subrogation executed in his favor by the original pledgee several months after his payment of the note, on the ground that the conventional subrogation, which should be made at the time of payment, was made too late to be of any avail to him in the premises.

It is true that such a subrogation was made, and that it was made too late; it is also true that in his answer to intervenor, plaintiff does claim relief thereunder, but this was simply cumulative pleading—and as such not destructive of the allegation in his original petition, wherein he correctly grounded his claim to the pledge by right of legal subrogation, and that is the right which we herein sustain in his favor.

These views have led us to the conclusion that the district judge has done substantial justice to the parties in this litigation.

The judgment appealed from is, therefore, affirmed at appellant's costs.