Girot vs. Graham.

## No. 10,300.

### LEOPOLD GIROT VS. PETER GRAHAM.

1. It is not always that malice and want of probable cause can be inferred from the discharge of an accused. If the discharge be *prima facie* evidence, the presumption may be rebutted by sufficient proof.
2. In the absence of facts showing malice and want of probable cause, which are essential ingredients in an action for malicious prosecution, no recovery can be had for indemnity.
3. It is the malice, composed of bad feeling, and the knowledge of the want of a probable and just cause, which create liability.
4. Public interest and a proper administration of justice require that actions for a malicious prosecution should not be maintained without clear proof of malice and want of probable cause.
5. Courts cannot inflict damages on a party for resorting in good faith to law, for the protection of his rights, rather than taking the chances of a recourse to arms, or tamely abandoning the field to an usurper.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Omer Villeré* for Plaintiff and Appellee.

*W. B. Lancaster* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to recover $5000 damages for a

malicious arrest and prosecution, without probable cause, under a charge of breach of the peace.

The defense is a denegation of malice, an averment of probable cause and contains a counter claim for like indemnity under a kindred charge.

The case was tried by a jury who returned a verdict for $750 in plaintiff's favor, dismissing defendant's reconventional demand.

From the judgment rendered in conformity with the verdict, the defendant appeals.

The following are the pertinent facts disclosed by the record :

The plaintiff and the defendant own contiguous urban lots, on part of the dividing line of which, no fence had been erected.

In pursuance of the direction of a surveyor, whom he had consulted, the defendant, after notice to plaintiff, caused an enclosure to be built on part of what he had been informed was the true division line between the lots.

Plaintiff then had the spot examined by a different surveyor who reported that the fence thus put up by defendant, encroached some six inches on his (plaintiff's) lot.

Plaintiff then began to enclose that portion of the division line, which defendant had left open ; but, while at work, discovering that the fence thus being constructed, was continuing the encroachment begun by defendant, he undertook to have it removed further off, to what he had been advised, was the proper boundary.

While plaintiff's men were engaged in the act, defendant appeared, remonstrating against the displacement, an ax in hand, eventually to demolish the fence, but his protest remained unheeded.

Naturally words passed, but no personal conflict followed.

Thereupon defendant telephoned to the nearest police station, charging a breach of the peace by plaintiff. The patrol wagon arrived, drawing attention, as is usual.

Defendant then directed the arrest of plaintiff and of his men; but matters were so arranged that the latter were let alone.

The police officer despatched and on duty and plaintiff then went in a street car, to the Recorder's office, where defendant made an affidavit against plaintiff for a breach of the peace, while plaintiff, retaliating, made a counter complaint against the defendant; both being paroled to appear on an early fixed day.

After trial, both were discharged.

The record fails to show malice and want of probable cause, which are essential ingredients in controversies of this kind, on the part of

either party, who, under the circumstances, had authority to believe, in good faith, that he had the right to do what he had done, the plaintiff to remove the fence, the defendant to protest against the displacement and to invoke the law.

It is the malice composed of bad feeling and the knowledge of having no just cause of action which create liability. Kearney vs. Holmes, 6 Ann. 373.

Public interest and a proper administration of justice require that actions for a malicious prosecution should not be maintained without *clear* proof of malice and want of probable cause. Maloney vs. Doane, 15 L. 278; McCormick vs. Conway, 12 Ann. 53.

We do not think that, from the fact that the plaintiff was discharged by the Recorder and that the defendant was likewise released, malice, and want of probable cause on the part of either, must necessarily be inferred.

If the discharge in each case be viewed as *prima facie* evidence of malice, the proof adduced by both parties rebuts that presumption.

It was well said. in an analagous case: " It would be of the worst example to punish this defendant for resorting to law, for the protection of his rights, rather than taking the chances of a resort to arms, or tamely abandoning the field to an usurper." Lisk vs. Mathis, 11 Ann. 419; see also Godfrey vs. Soniat, 33 Ann. 915; Coleman vs. Insurance Co., 36 Ann. 92; Dearmond vs. St. Armand, 40 Ann. 374.

It is therefore ordered and decreed, that so far as the verdict and judgment appealed from are in plaintiff's favor, the same be reversed and set aside and that judgment now go in favor of the defendant on the main action, and that, so far as said verdict and judgment appealed from, are against defendant and plaintiff in reconvention, on the reconventional demand, rejecting the same, the same be affirmed, the costs of appeal to be paid by plaintiff and appellee, those of the lower court be paid equally by the parties' litigant.