(115 So. 631)

No. 28727.

## BAKER v. CITY OF SHREVEPORT.

Jan. 18, 1928. Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ☞353—Assignment by contractor of money due for paving streets is presumed to be accepted by city officials in performance of official duties.**

Assignment by contractor, paving city streets, of money and certificates to be collected from property owners, is presumed to be accepted by commissioner of finance and secretary treasurer of city on certificate of its engineer in performance of their official duty, since every man in private or official character is presumed to do his duty until the contrary is proved.

**2. Municipal corporations ☞353—City held to have represented officers as authorized to accept assignment for funds due for street paving and was bound by their acceptance.**

In action by assignee of contractor of money and certificates to be collected for paving city streets, evidence that money obtained by contractor from plaintiff, for which assignment was executed, was used in discharging contractor's obligations on paving contract, that instrument was made and accepted in accordance with customary dealings between parties, as shown by practice of plaintiff and city, that city paid plaintiff on assignment part of amount due, showed that commissioner of finances and secre-

tary treasurer of city were held out by city as having authority to accept assignment, even if they were not expressly authorized to accept assignment, and hence city is bound by their acts.

**3. Municipal corporations ☞376—Assignment of funds due for street paving held not objectionable because partial, where city accepted assignment and made payments thereon.**

In action by assignee of contractor of money and certificates to be collected for paving city streets, validity of assignment could not be contested on ground that it was only for part of debt, and therefore not binding on city, where city accepted assignment and made payment on account of claim assigned.

**4. Municipal corporations ☞353—Assignee of funds due for street paving, under single assignment covering separate contracts, held entitled to payment from unincumbered fund collected from property owners.**

Where assignment by contractor for funds to be collected for paving city streets was made in single instrument, but was intended to operate separately against each contract for paving each street referred to in assignment, assignee was entitled to payment to extent of assignment out of unincumbered fund remaining in possession of city from collections from property owners on streets which were paved according to contracts.

**5. Municipal corporations ☞353—Assignment of funds due under paving contract, accepted by city prior to notice of assignment to contractor's surety, was entitled to priority (Civ. Code, arts. 2642, 2643).**

In action by assignee of contractor of money and certificates to be collected for paving city streets, assignment by contractor to surety company in each application for bonds to cover paving contracts, notice of which was served on city subsequent to acceptance by city of assignment to plaintiff, and payments on account thereof, could not prejudice rights of plaintiff under Civ. Code, arts. 2642, 2643.

**6. Municipal corporations ☞353—Surety, on contractor's bond for street paving, could not offset losses against profits under separate contracts, to prejudice of intervening assignment.**

In action by assignee of contractor of money and certificates to be collected for paving city streets, surety on contractor's bond could not

offset losses on two contracts by profits due contractor on other contracts, to prejudice of plaintiff's intervening assignment, where paving on each street was contracted for as separate enterprise, and was so treated by contracting parties and surety.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by M. M. Baker against the City of Shreveport, in which the Ætna Casualty & Surety Company intervened. Judgment for plaintiff, and defendant and intervener appeal. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellants.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ROGERS, J. E. J. Deas & Co., Inc., contracted with the city of Shreveport to pave four of its streets, under a separate agreement and bond for each street. During the progress of the work, the contractor executed to plaintiff, for funds advanced by him, an assignment, to the extent of $7,000, of the money and certificates to be collected from the owners of the property abutting the streets. Out of collections made from property holders on two of the streets, the city paid plaintiff $1,858.07 on account of his assignment. Subsequently, the contractor defaulted on the other streets, and they were completed by the municipality. After deducting the cost of completing the work and of the liens filed against it, there remained in the treasury of the city a balance of $7,892.05 to the credit of the contractor, or its assignees. Plaintiff instituted this suit to recover from the city out of said fund the amount of $5,141.93, with legal interest from judicial demand, remaining due on his assignment after crediting the payment previously made thereon. The defendant joined issue, and the Ætna Casualty & Surety Company, the surety on the bonds of the contractor, intervened in the suit.

The court below rendered judgment in favor of plaintiff as prayed for against the defendant and rejecting intervener's demands. From this judgment the defendant and the intervener have appealed.

The city of Shreveport, as a mere stakeholder, is only a nominal party to this litigation. Its sole interest, as testified by the mayor, is to be protected against the claims of the contractor or his creditors. The surety company, under separate agreements of indemnity, has agreed to do this, and has taken over the defense of the suit. In consequence of these agreements, the city has turned over to the surety company the funds remaining in its possession out of the collections from the property holders. The actual controversy, therefore, is between the plaintiff and the intervening surety company.

The work of paving the streets in question was done under the provisions of Act 187 of 1920. No liability whatever was incurred by the municipality for the payment of the work; the contractor agreeing that its compensation therefor should come out of special assessments to be levied against the owners of the property abutting the streets. The special assessments were levied and collected by the city and the proceeds thereof, with the exception of the surplus, $7,892.05, remaining in its possession after the completion of the work, were turned over to the contractor or its assignees.

The assignment by the contractor to the plaintiff was accepted, subject to prior payment of liens and claims on account of the work, by the commissioner of finances and by the secretary treasurer of the defendant municipality. It bears, also, the certificate of the city engineer to the effect that on final estimate the sum of $21,000 will be due the contractor.

The contentions of the appellants are: (1) That the assignment to plaintiff was not legally accepted by the municipality; (2) that, if it is legally binding upon the city, the surety company, as the assignee and subrogee of the privileged claims of certain laborers and materialmen, has a preferential right to the fund in the city's possession; (3) that the surety company is entitled to the fund by virtue of a prior assignment by the contractor; and (4) that, in any event, the contracts in question were, in effect, one transaction, treated as such by the parties thereto, and that the surety company can offset its losses on two of the streets by the gains made on the other streets.

[1, 2] 1. The record is barren of proof to sustain the averment in the answer filed by the surety company's attorneys on behalf of the defendant municipality that plaintiff's assignment was not legally accepted. The theory of counsel is, apparently, that the illegality appears on the face of the instrument itself. But this theory is not correct. The law presumes that every man, in his private or official character, does his duty, until the contrary is proved. The presumption is, therefore, that the assignment in question was accepted by the commissioner of finance and the secretary treasurer of the defendant municipality, on the certificate of its engineer, in the performance of their official duties. This presumption is not only not overcome by the evidence, but is supported by it. The undisputed testimony is that the money obtained by the contractor from plaintiff, for which the assignment was executed, was used in discharging obligations incurred by the contractor on the paving contracts in question. The instrument was made and accepted in accordance with the customary dealings among the parties thereto. During the two years immediately prior to this particular transaction, plaintiff had advanced the contractor approximately $200,-000 upon assignments identical with the one herein sued on, and had received from the municipal authorities, as they were received, the money and certificates described in the instruments. A similar practice was followed by the city in dealing with other assignees of paving contractors. On the assignment herein sued on, the defendant municipality paid plaintiff, out of the funds in its possession, $1,858.07, and would have paid him the balance due thereon, when it completed its collections from the property owners, as testified by its assistant cashier, if the surety company had not intervened and opposed the payment. Thus it manifestly appears that, if its commissioner of finances and secretary treasurer were not expressly authorized to accept the assignment on behalf of the municipality, they were, nevertheless, held out by the corporation as having such authority, and it is bound by their act.

[3] The validity of the assignment is further contested on the ground that it was only for a part of the debt, and therefore was not binding upon the city. This defense would, undoubtedly, be entitled to serious consideration, had the city refused absolutely to acknowledge the transfer of the contractor's rights to the plaintiff. But it did not do this. On the contrary, it accepted the assignment, and made a payment on account of the claim assigned. In these circumstances we do not find any merit in the defense. Camors & Co. v. People's Ins. Co., Man. Unrep. Cas. (La.) p. 167; Mourton v. Robertson, 3 La. 439.

[4] 2. Separate contracts and separate bonds were executed for the paving of each of the streets referred to in the assignment. The contractor completed two of the contracts, and defaulted on the two other contracts. The fund in dispute here represents the proceeds in the possession of the city after payment of all valid liens and claims against the contracts on which there was no default. While the assignment was made in a single

instrument, it is clear from its terms and from the nature of the transaction that it operated separately against each contract. Plaintiff, as the assignee, is therefore entitled to be paid to the extent of his assignment out of the unincumbered fund remaining in possession of the municipality from collections made by it from the property holders on the streets which were paved according to the contracts. .

[5] 3. The basis of this contention is a so-called assignment made to the surety company by the contractor in each of his applications for bonds to cover the contracts in question. Since notice of these assignments was not served on the defendant city until September 2, 1925, they cannot prejudice the rights of the plaintiff under his assignment, which was accepted by the city on June 13, 1925, and a payment made on account thereof on July 20, 1925. Civ. Code, arts. 2642, 2643; Colsan v. Powell, 32 La. Ann. 521; Bernard v. Bank, 43 La. Ann. 50, 8 So. 702, 12 L. R. A. 302.

[6] 4. We do not find any merit in the claim of the surety company that it can offset its losses on two of the contracts by the profits due the contractor on the two other contracts. Whatever might be the legal effect of such a claim as between the surety company and the contractor, it cannot supersede the intervening claim of plaintiff under his assignment. As we have heretofore remarked, the paving of each of the four streets was contracted for, and executed, as a separate enterprise. . It was so regarded and treated by the contracting parties and the surety company, and it could not have been regarded and treated otherwise under the law by virtue of which the work was undertaken.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.