No. 2788

Second Circuit

FOWLER COMMISSION CO., INC., v. E. J. DEAS & CO., ET AL.

(April 10, 1930. Opinion and Decree.)

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendants, appellees.

DREW, J. E. J. Deas & Co., Inc., paving contractor, secured from the city of Shreveport seven contracts to pave certain streets in said city. Seven different streets were to be paved, and seven different contracts were entered into. All the contracts were signed at the same time, and the same insurance company was bondsman under all contracts.

In performance of said contracts, it was necessary to use a number of mules for grading, etc. The mules were all kept at the same barn and fed at the same time, and all mules were used on the different jobs.

E. J. Deas & Co., Inc., purchased from the plaintiff herein at one time feed to the amount of $725.75, with which to feed said mules used in said paving work. The Deas Company defaulted on the contracts, and a receiver was appointed. The plaintiff was not paid its bill for the feedstuff.

Plaintiff, in its attempt to come under Act No. 203 of 1924, filed for record a sworn statement of the amount owing to it by the Deas Company, and set out that the feedstuff was used to feed the mules used in constructing the paving on the seven different jobs. A like sworn statement was served upon the proper officers of the city of Shreveport. There is no controversy over the time of filing said sworn statement, but there is a controversy over the form of said sworn statement, in that it included other jobs outside of the city limits, which is unnecessary for us to discuss.

After demanding of the city of Shreveport the payment of said bill and waiting for a period of thirty days, the plaintiff entered this suit against the receivers of the E. J. Deas Company, Inc., and the city of Shreveport, praying for judgment in solido against them. There was no answer filed by the E. J. Deas Company, Inc., and judgment was properly rendered against it. It has not appealed from that judgment; therefore same is final as to it.

The city of Shreveport filed an exception of no cause of action, which was overruled by the lower court, and on trial of the merits, there was judgment rejecting the demand of plaintiff as to the city of Shreveport. Plaintiff has appealed, and the city of Shreveport has not answered the appeal; therefore, the exception of no cause of action is not before this court.

The city of Shreveport answered, pleading a general denial to the demands of plaintiff.

Act No. 203 of 1924 was at the time of the filing of this suit the only act giving a lien and privilege in favor of furnishers of feedstuff, and, if plaintiff can recover at all, it must be under the application of this act. Section 1 of said act reads as follows:

"Be it enacted by the Legislature of Louisiana, that any person, firm, corporation, or association of persons or partnership, to whom any money shall be due on account of having supplied and furnished

feed for use and consumption by mules or other livestock used and employed by any contractor or subcontractor in the construction, erection, alteration or repair of any public roads or public works of any character, under a contract in excess of five hundred dollars at the expense of the State or any Parish, City, Town, Village, Public Board or Public Body, may file with the authority having the work done and record in the Office of the Recorder of Mortgages in which the work is being done any time after the maturity of his claim, a sworn statement of the amount due him, and any payments made thereafter by said authority without deducting the amount of the claim so served on it shall be at its own risk."

The act only applies to contracts in excess of $500 done at the expense of the city, and not to contracts not done at the expense of the city.

The contract between the city of Shreveport and E. J. Deas & Co., Inc., shows that the expense of paving the seven streets was to be done at the expense of the abutting property owners, including the intersection. The city was to pay nothing. The contract for paving the streets in question was under Act No. 187 of 1920.

In the case of Baker vs. City of Shreveport, 165 La. 391, 115 So. 631, 632, the Supreme Court of this state, in passing on a like contract, said:

"The work of paving the streets in question was done under * * * Act 187 of 1920. No liability whatever was incurred by the municipality for the payment of the work; the contractor agreeing that its compensation therefor should come out of special assessments to be levied against the owners of the property abutting the streets."

Lien and privilege laws are strictly construed, being in derogation of common right, in that they render a third person and his property liable for obligations which he has not contracted. Alfred Hiller

Co. vs. Hotel Grunewald Co., 147 La. 129, 84 So. 520; Ketteringham vs. Homestead Society, 140 La. 176, 72 So. 916.

It is clear that plaintiff cannot recover of the city of Shreveport under application of Act No. 203 of 1924, and therefore his case must fall.

Our finding on this question bars plaintiff from recovery; it is therefore unnecessary to discuss other points raised by the defendants.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.