KLEMA REALTY CO., INC., v. FAURIA ET AL.

(November 3, 1930. Opinion and Decree.)
(November 17, 1930. Rehearing Refused.)

Henry J. Rhodes, of New Orleans, attorney for plaintiff, appellant.

L. R. Hoover, of New Orleans, attorney for Sidney Fauria, defendant, appellee.

JANVIER, J. The facts of this case are much involved, but out of a mass of testimony we have reached the conclusion that they are, substantially, as follows:

The Zion Travelers Baptist Church, No. 3, a congregation apparently of very limited means, being in need of a place of worship, contracted to buy from Sidney Fauria two lots of ground and a small, more or less dilapidated frame cottage situated thereon. The sale was to have been made for cash, and it was expected that the transaction would be financed through one Morales, who, however, after negotiating with several realty or finance companies with which he was more or less connected, found difficulties in making the necessary arrangements.

After some delay a new contract was executed under which it was agreed that the sale should be made partially on deferred payments.

Again great difficulty was experienced in making the necessary financial arrangements for such cash as was required under the new contract, and apparently in order that the property might appear to better advantage to any possible prospective mortgagee or lender of money, and also for the purpose of providing the congregation with a place of worship, the remodeling and reconstruction of the building was commenced.

Defendant Fauria, owner of the property, had no knowledge of this reconstruction of his building until the work was well under way, and all the arrangements seem to have been made between the representatives of the church congregation and Morales, who, as we have already said, seems to have been connected with the various finance companies whose names appear in the record.

Thereafter it developed that the necessary arrangements for the taking over of the property would be much delayed, and thereupon a third contract was entered into under which it was agreed that, pending the taking of title by the church, rent at the rate of $8 per month should be paid by the church to Fauria.

Some of the materials used in the reconstruction work have not been paid for, the property has never been transferred to the prospective purchasers, and this suit has for its object the recovery of judgment against the church congregation and also against Fauria, and a recognition of the lien claimed to exist against Fauria's property.

The trial court held that plaintiff was not entitled to judgment against Fauria and that the recorded pretended lien in its favor and against Fauria's property should be canceled. Our brother below found difficulty in arriving at the amount due plaintiff by the other defendant, to-wit, the church corporation, but stated that he believed that the said amount was somewhere in the neighborhood of $375, and therefore rendered judgment for that amount.

We experience no difficulty in reaching the conclusion that plaintiff has no just claim against Fauria and that the recorded lien was properly ordered canceled.

Fauria at first had no knowledge whatever of the reconstruction work; he did not acquiesce therein, and he should not be made to suffer as the result of the unauthorized acts of his tenants. Under section 11 of Act No. 298 of 1926 the rights of the materialman in a situation such as existed here are limited to such rights as the lessee may have. He cannot obtain a lien against the realty itself.

As to the claim against the church corporation, we are of the opinion that the district judge was correct in finding in favor of plaintiff. Such arrangements as were made were made for the benefit of the church congregation and by its various proper representatives.

We find the record as to the amount due as confusing as it appeared to the trial judge, but we are convinced that an indebtedness of at least $375 has been proven. Since we find no answer to the appeal, the amount allowed could not be increased even if we felt that the record justified it.

The judgment appealed from is affirmed.