(139 So. 321)

**FLOURNOY v. ROBINSON–SLAGLE LUMBER CO., Inc.**

No. 31485.

Jan. 4, 1932.

Thatcher, Browne, Porteous & Myers, of Shreveport, for applicant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for respondent.

OVERTON, J.

In 1927 plaintiff purchased a residence in Shreveport, La. In the same year she entered into a contract with F. H. Tolle to repair and make changes in the residence for a consideration of some $1,200, the contrac-

tor to furnish the material and the labor. The work was completed during the first days of August, 1927, and on August 6, 1927, plaintiff made final settlement with the contractor. The contract was not recorded in the mortgage records, nor did the contractor furnish bond, and consequently no bond was recorded with the contract in the mortgage office.

The material, used in making the repairs and changes, was furnished the contractor by defendant. The bill for it amounted to $417.30. Failing to collect the bill from the contractor, defendant called plaintiff over the telephone, and demanded payment of her, and was informed that she did not consider that she owed the bill. At this time plaintiff was sick with the influenza, and her mother was seriously, in fact, fatally, sick from conditions brought on by the same disease, though it does not appear that defendant had knowledge of these facts. Defendant, failing to receive a favorable response from plaintiff concerning the payment of the bill, caused to be recorded in the mortgage records, on December 28, 1927, a lien against the property. The recording of the lien was over four months after the furnishing of material, and, in fact, after the completion of the building. On the same day, defendant sent plaintiff by registered mail and special delivery a sworn itemized statement of the amount claimed for material sold the contractor and used by him, and advised her by letter, inclosed, of the filing of the lien, and expressed to her the hope that she would settle the claim, and thereby save herself the expense and embarrassment of a suit to enforce collection. The communication by telephone and this letter worried plaintiff considerably, and this worry was increased by the fact that both communications were re-

ceived during the illness of plaintiff and her mother.

In August, 1928, plaintiff, although she made no amicable demand for the cancellation of the lien recorded against her property, thinking that it would be vain to do so, brought this suit to cancel the recordation of the lien, and to recover judgment against defendant for $500 for worry and anxiety for the wrongful demands of defendant, and for the registering of the latter's asserted lien, and for $150 attorney's fees.

When service was made of the petition, it was delivered by defendant to its counsel, who advised defendant that, while it was once entitled to a lien, it had lost it by its failure to record the lien within the period prescribed by law. Defendant then canceled the lien, and filed its answer to the petition. The cancellation of the lien left merely the demand for damages to be decided.

There was judgment in the trial court in favor of plaintiff for $150, and, in the Court of Appeal, this judgment was affirmed. Neither judgment states whether the damages allowed were for attorney's fees or for worry of mind.

Apparently the trial judge rendered his opinion orally, and therefore his reasons for the decree are not known. The Court of Appeal, in rendering judgment, said that "there may have been no malice on the part of defendant, but none, we think, was necessary when the act complained of was a trespass upon and an invasion of the rights of a wholly innocent person. * * *" It is because the Court of Appeal held that no malice was necessary that this court ordered up the case for review.

■ There would seem to be no question that, had defendant recorded proof of its claim in the mortgage records within the sixty days, prescribed by section 12 of Act No. 298 of, 1926, page 546, it would have been entitled to the lien asserted by it, but, as it failed to record the proof of its claim within the time there prescribed, it did not acquire a lien. The record not only fails to show that defendant acted maliciously in recording its asserted lien, but what evidence there is on the question shows that it acted in good faith in what it then believed to be the pursuit of a legal right. Where the evidence fails to show malice, there can be no recovery. Williams v. Bank of Louisiana, 7 Rob. 316; Hurwitz v. Lotz, 172 La. 27, 133 So. 351; Girot v. Graham, 41 La. Ann. 511, 6 So. 815. The circumstance that both plaintiff and her mother were ill, when notice of the intention to file the lien was given—a circumstance which it does not appear plaintiff had knowledge of—does not affect the case.

■ The judgment under review should be reversed. While plaintiff was entitled to the cancellation of the lien when she filed suit, nevertheless she should pay the costs of the trial court, because she made no amicable demand for its cancellation before suing, and, as soon as judicial demand was made upon defendant, it complied with that part of the demand by promptly causing the lien to be canceled, and has defeated the remainder of the demand.

The judgment under review is set aside, as well as that of the district court, and judgment is now rendered dismissing plaintiff's suit, at her costs in all courts.