## CALLENDER v. MARKS.*

No. 5182.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

See, also, 166 So. 892.

Dickson & Denny, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff leased to the Waterman Amusement Company, Inc., for the period beginning April 9, 1932, and ending November 1, 1932, a certain tract of land owned by him and located in the Henderson-Davis subdivision of Caddo parish, on which there existed a public concrete swimming pool or natatorium. On or about June 16, 1932, defendant, R. O. Marks, a building contractor, contracted and agreed with the lessee, for a stipulated sum, to construct certain concrete walls at and in connection with the shallow end of the pool and thus create a reservoir for accumulating and storing water to be used in expediting the filling of the pool. The reservoir was constructed, but, on being filled with water, its walls collapsed, causing serious damage not only to the new structure, but also to the previously existing pool.

To secure the payment of an alleged balance of $711.28 for material and labor furnished, defendant caused to be recorded in the mortgage records of Caddo parish, La., an affidavit and written statement in which he claimed a lien and privilege on the above-mentioned leased property.

In his petition herein, plaintiff prayed that he be awarded judgment against R. O. Marks in the sum of $1,500 for the damage to his property, that defendant's recorded lien and privilege be ordered canceled and erased from the mortgage records, and that he recover further judgment in the sum of $50 as attorney's fees for obtaining the cancellation of such lien. Lessee, the Waterman Amusement Company, Inc., was not made a party to this suit.

An exception of no cause of action, as to plaintiff's demand for damages, was sustained on July 8, 1933. At the commencement of the trial of the case on its merits, counsel agreed that the only question at issue was with reference to the cancellation of the lien.

There was judgment in favor of plaintiff ordering the cancellation and erasure of such lien and condemning defendant to pay the sum of $25 as attorney's fees. Both plaintiff and defendant appealed from the judgment.

The evidence discloses that plaintiff had nothing to do with the construction of the proposed reservoir. Apparently the idea of its creation was conceived and nurtured in the brain of Mr. A. C. Waterman, lessee's president, and he alone was responsible for the attempted execution of the plan. Plaintiff's testimony that he had no

knowledge of the building of a reservoir until it was practically completed is in no manner contradicted. It is true that the written contract of lease inferentially authorized the making of some improvements when it stated that "Lessee agrees to take the property in the condition in which it now is and bear all expenses of improvements," but the evidence indicates and is to the effect that only minor improvements were contemplated by the parties under the provisions of the agreement. Also it is shown that plaintiff registered no complaint when he learned of the nearly completed structure. But we think that the above provision of the lease and such knowledge without complaint were insufficient to constitute Waterman the agent of plaintiff in the undertaking so as to make plaintiff and his property liable for the unpaid material and labor claims incurred by lessee.

The jurisprudence of this state is uniform to the effect that labor and material liens are stricti juris, and that the statutes creating them, being in derogation of a common right, must be strictly construed. Fowler Commission Co. v. E. J. Deas & Co., 13 La.App. 141, 127 So. 456; Alfred Hiller Co. v. Hotel Grunewald Co., 147 La. 129, 84 So. 520; Ketteringham v. Eureka Homestead Society, 140 La. 176, 72 So. 916.

Defendant's right to a lien and privilege is governed by the provisions of section 11 of Act No. 298 of 1926, the pertinent portion of which reads as follows: "Section 11. Where any work as hereinabove set forth, is done or buildings or other improvements made, where the person for whom the work is done or with whom the contract is made, or by whom the work is done, is not the owner of the land upon which the work is located, then he shall be subject to all the obligations that are made incumbent on the owner by this act, and the liens and privileges created and established by this act shall operate upon whatever right said person having the work done or doing the work may have to the use of the land as lessee; and said lien and privilege shall operate against the lease such person holds, if there is one."

Obviously, defendant was entitled to a lien and privilege affecting only the lease itself and lessee's right to the use of the property. He could not have a lien against the realty itself. By reason of its own provisions, the lease expired on November 1, 1932, and, accordingly, the right of lessee to the use of the property also terminated at that time. The judgment ordering the cancellation of the recorded lien was therefore correct. Klema Realty Co. v. Fauria et al., 15 La.App. 7, 130 So. 569.

However, we find that error was committed in awarding plaintiff judgment of $25 as attorney's fees, for the cancellation of the lien. There is no evidence in the record showing malice on the part of defendant in filing or recording the affidavit asserting a lien and privilege. The law is settled that, unless it is shown that the lien claimant acted maliciously in this regard, there can be no recovery. Flournoy v. Robinson-Slagle Lumber Co., 173 La. 989, 139 So. 321, and cases therein cited.

For the foregoing reasons, it is ordered, adjudged, and decreed that the judgment be amended by rejecting plaintiff's demands for attorney's fees. In all other respects the judgment appealed from is affirmed. Plaintiff shall pay the cost of the appeal.