**PATTERSON v. LUMBERMAN'S SUPPLY CO., Inc.***

No. 5204.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

H. D. Montgomery, of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellee.

TALIAFERRO, Judge.

This suit was instituted by plaintiff to have canceled and erased from the mortgage records of Morehouse parish the inscription of what purports to be a furnisher's lien and privilege in defendant's favor against his residence and lot in the city of Bastrop, La., and to recover damages caused him by the registry of said lien, alleged to be illegal, null, and void.

The facts of the case are virtually undisputed. Plaintiff was having his residence repaired by day labor. He was furnishing all the material needed in the repair work, all of which he purchased from the Bastrop Lumber & Supply Company, including 56,000 red cedar shingles. These shingles were not carried in stock by said company, but were purchased by it on account from defendant and immediately delivered to plaintiff. After the lapse of nearly sixty days and the account still remaining unpaid, defendant evidently had grave fears of its ability to collect it from the Bastrop Lumber & Supply Company, and consulted counsel in regard to the matter. It was advised that under the laws of the state the account was secured by a furnisher's lien and privilege, and, acting on this advice, the account, supported by affidavit, was recorded in the mortgage records to evidence and preserve the lien against plaintiff's property. The account includes several kegs of nails which were not used in plaintiff's building. He paid the Bastrop Company for the shingles. Plaintiff had no dealings with defendant at all, and did not know the lien was recorded until a loan he was negotiating with a local building and loan association was rejected because of its registry. Before filing suit, he made amicable demand upon defendant and its attorneys to have the purported lien erased.

Defendant affirms the legality of the lien, and admits that the shingles were sold directly to the Bastrop Company and not to plaintiff. Its contention is that as the

shingles were incorporated in plaintiff's building and were not paid for, under the provisions of Act No. 298 of 1926, it has a lien and privilege on the building and lot to secure payment of the price. It denies specifically the charge that it acted maliciously and without probable cause in the effort to preserve the evidence of its lien.

In reconvention, defendant sues plaintiff for the amount of its account and for recognition of the lien and privilege granted by law to secure its payment.

There was judgment for plaintiff declaring the purported lien and privilege null and void and ordering its erasure from the mortgage records, and for damages in the amount of $200.

Defendant has appealed and plaintiff has answered the appeal praying that the award in his favor be increased to $600.

Section 1 of Act No. 298 of 1926, in part, reads as follows: "Be it enacted by the Legislature of Louisiana, That every contractor, sub-contractor, architect, engineer, master-mechanic, mechanic, cartman, truckman, workman, laborer, or furnisher of material, machinery or fixtures, who performs work or furnishes material for the erection, construction, repair or improvement of immovable property, with the consent of or at the request of the owner thereof, or his authorized agent, or representative, or of any person with whom the owner has contracted for such work, shall have a lien for the payment in principal and interest of such work or labor performed, or materials, machinery or fixtures furnished, and the cost of recording such liens, upon the land and improvements on which the work or labor has been done, or materials, machinery or fixtures furnished."

■ Defendant relies upon this law to sustain its contentions herein. Liens are stricti juris. They are in derogation of common rights, and, as is the case with laws creating them, must be strictly construed. Their effect may not be extended by analogy or implication. The statute is free of ambiguity as regards the question here considered. Under this statute, it is essential to the creation and existence of a materialman's lien that the material incorporated into the building or improvement be furnished to the contractor or subcontractor doing the work, if there be such, or to the owner, or to another person, with the consent of or at the request of the owner, or his authorized agent or representative.

■ Section 12 of the act has special reference to cases where the owner or his agent is causing the work or improvement to be done without contract. It is to the same effect as that part of section 1 quoted above. The facts of the present case do not bring the defendant within the limitations of this law. Defendant did not furnish plaintiff with the shingles. The sale thereof was not participated in by plaintiff or known to him or his agents or representatives at the time. Defendant dealt exclusively with the Bastrop Lumber & Supply Company and looked to it for payment of the account until conditions impelled it to resort to the course it did to protect its rights. Defendant simply sold its goods to plaintiff's furnisher of material, and, this being true, has no lien on the building and lot to secure payment of the price.

We have found no recent decision which passed directly on this point, but the Supreme Court in Woodward v. American Exposition Ry. Co., 39 La.Ann. 566, 2 So. 413, considered the question, then arising under article 3249 of the Civil Code and disposed of it in the following language, appearing in the syllabus: "A party whose materials sold to another were used in the construction of a work, has no privilege on such work, because his materials were not sold to the owner or. his agent or his subcontractor."

In substance and effect, article 3249 of the Civil Code is the same as the above-quoted portion of the 1926 act.

■■ Plaintiff alleges that the purported lien was filed maliciously and without probable cause, and for the sole purpose of harassing and embarrassing him in an effort to force him to pay the debt of a third party; and that the inscription of the lien prevented him from borrowing money to complete the repair of his home, resulting in the impairment of his credit. Damages sued for are these:

Humiliation and personal embarrassment.... $200.00
Damage to credit................................ 200.00
Inconvenience on account of delay in repair-
  ing residence ................................ 100.00
Attorney's fees ................................ 100.00
                                               --------
  Total ..................................... $600.00

The only actual damage established is for the attorney's fee. Plaintiff is unconditionally obligated to pay the amount sued for. No doubt he has suffered some inconvenience and a little embarrassment because of the inscription of the purported

lien; but as defendant acted in good faith in the matter and was prompted solely by a desire to protect itself against loss and then, too, upon advice of counsel, the law affords plaintiff no relief. Absence of malice or ill intent is clearly shown. If the case were of first impression, we would be persuaded to hold that·he should recover actual damages sustained as a result of defendant's erroneous action; but it is well settled by our jurisprudence that unless the person causing the inscription of the lien is actuated by malice or ill will, no recovery lies for his unlawful action. Flournoy v. Robinson-Slagle Lumber Co., 173 La. 989, 139 So. 321; Callender v. Marks, 166 So. 891, recently decided by this court, not yet reported [in State report]. See, also, Hurwitz v. Lotz, 172 La. 27, 133 So. 351; Girot v. Graham, 41 La.Ann. 511, 6 So. 815; Williams v. Bank of Louisiana, 7 Rob. 316.

The lower court erred in awarding plaintiff damages.

For the reasons herein assigned, the judgment appealed from is amended by deleting therefrom the award of $200 damages, and, as thus amended, it is affirmed; all costs are assessed against defendant.