HARDY, Judge.
In this action plaintiff sought to be declared the sole owner of a certain described gas pipeline and named as defendants the four individuals assertedly claiming a part ownership therein. From judgment recognizing the plaintiff and the four defendants as owners of the pipeline to the extent of an undivided one-fifth interest each, plaintiff has appealed.
Plaintiff’s claim is based upon the contention that he purchased the pipeline from one Olin H. Guyton, as evidenced by an act of sale dated June 12, 1961.
Each of the four defendants claimed that he had purchased an undivided one-fifth interest in the pipeline in or about the year 1955, from one John N. Guyton.
The material facts set forth in a written opinion of the district judge, as being undisputed or established by a preponderance of the evidence, must be briefly stated. In or about the year 1955, John N. Guyton was the owner of certain property described as Lot 11 of H. R. Hayes-Garrett Road Subdivision in Section 3, Township 17 North, Range 4 East, Ouachita Parish, Louisiana. For his own convenience, after obtaining a permit from the Parish authorities, Guyton constructed a gas pipeline approximately one mile in length from the existing line on the Milhaven Road, where it was connected to a supply line of the Pineville Gas Company, along the parish dedicated road right-of-way to a point abutting his own property. Subsequently, defendants located their homes between *456 the Guyton property and the Milhaven Road, and each of them purchased a one-fifth interest in the gas line for a consideration equivalent to $360.00 each, which amounts appear to have been equitable reimbursement for their proportionate part of the $1,800.00 total expenditure originally made by Guyton. Upon the death of John N. Guyton his property was inherited by his mother, and upon her death his surviving brother, Olin H. Guyton, was appointed administrator of her estate. The Guyton home property was allegedly sold to plaintiff by the administrator at public auction. The administrator’s deed was not introduced in evidence, and, therefore, is not under consideration. Under date of June 12, 1961, Wilkinson obtained a bill of sale from Olin H. Guyton, conveying the gas pipeline described as being:
“ * * * situated on the right-of-way of the Parish Road abutting the property described as Lot 11 of H. R. Hayes-Garrett Road Subdivision in Section 3, Township 17 North, Range 4 East, Ouachita Parish, Louisiana.”
Plaintiff’s explanation of the bill of sale was that, although he believed his purchase from the administrator included the pipeline, he had obtained this additional document for the purpose of clarifying the matter. The consideration recited in the bill of sale was $1.00 and other considerations and the sale was without warranty or liability as to the vendor.
The crux of the case is found in the contention on the part of plaintiff that the pipeline constituted an immovable by destination, and, for this reason, parol evidence was not admissible on the part of defendants to establish their purchases of an interest therein. This argument is largely predicated upon LSA-C.C. Article 467, which reads as follows: ,
“Wire screens, water pipes, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, -.bathtubs, lavatories, closets, sinks, gasplants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building are immovable by their nature.”
The record establishes that the gas line in question is not directly attached to any buildings owned by either plaintiff or defendants. As above noted, the line is entirely located on the Parish Road right-of-way and the connections with the several homes of the parties involved were made by lateral lines, there being no dispute as to the fact that these lines are individually owned by the several parties.
In support of his contention as to the application of the codal article, counsel for plaintiff relies upon the famous case of McDuffie v. Walker, 125 La. 152, 51 So. 100, holding that a recorded title takes precedence over any and all unrecorded titles. This principle with respect to real (immovable) property is now too well established to admit of question, but we are here confronted with the necessity of determining whether the object of this litigation constitutes an immovable either by nature or destination.
We are in full accord with the conclusion reached by the district judge, who cited the case of Edwards v. S. & R. Gas Company, Inc. (2nd Circuit, 1954, writs denied), 73 So.2d 590, and particularly called attention to quotations from the opinion therein from State v. Mexican Gulf Railway Company, 3 Rob. 513, and Woodward v. [American Exposition] Railway Company, 39 La.Ann. 566, 2 So. 413, in both of which cases the Supreme Court held that a railroad constructed on the soil of another was movable property. These cases held LSA-C.C. Article 467 inapplicable in view of the requirement in the article that the constructions and appliances named be actually connected with or attached to the building by the 'owner.
*457 We are further convinced of the correctness of the conclusion on another ground, namely, that the only title offered by plaintiff, that is, the bill of sale from Olin H. Guyton, does not disclose with certainty the intention of conveying the entire pipeline but describes the property conveyed as being the gas pipeline abutting the property of vendee.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost