**AMERICAN GRANWOOD FLOORING COMPANY, Inc.**

v.

**McINTYRE VENEERS, INC. and James D. McIntyre.**

**Civ. A. No. 66–99.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Feb. 21, 1967.

Frank M. Coates, Jr., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for plaintiff.

J. Douglas Nesom, Karl Cavanaugh, Nesom & Mellon, Denham Springs, La., for defendants.

WEST, District Judge:

This matter is before the Court on plaintiff's motion for the issuance of a preliminary injunction. On November 6, 1965, plaintiff and defendant entered into a sales agreement whereby the defendant agreed to manufacture certain laminated block flooring, and plaintiff was given the exclusive right to purchase and/or sell all of the flooring manufactured by the defendant. The plaintiff agreed to purchase a minimum of five million square feet of flooring per year, and to use its best efforts to promote and sell defendant's product. The agreement further provided, among other things, that title to the products covered by the agreement would pass from the defendant to the plaintiff upon being loaded into the carrier, whether private or common carrier, and delivery receipts or bills of lading having been signed by the carrier. Plaintiff is a South Carolina corporation, having its principal place of business in South Carolina. The defendant is a Louisiana corporation, having its principal place of business in the State of Louisiana.

Plaintiff received certain shipments of flooring from the defendant, and in turn sold them to contractors who ultimately incorporated them into buildings erected in Virginia, Maryland, and the District of Columbia. One of the plaintiff's customers apparently complained of the quality of the flooring manufactured by the defendant and sold to it by the plaintiff, and the complaint was adjusted by the plaintiff and the defendant. But later a dispute apparently arose between the plaintiff and the defendant as to who should bear the cost of the adjustment. Plaintiff refused to pay any part of the cost of the adjustment, contending that defendant had agreed to bear the entire cost. As a result of plaintiff's refusal to pay, defendant, on or about November 20, 1966, sent telegrams to several of plaintiff's customers, advising them that the flooring purchased by them from the plaintiff "may be subject to a manufacturer's lien" and then stated that "any and all payments [due to plaintiff] should be made jointly to us and to American Granwood."

As a result of these telegrams, the recipients thereof have refused to pay the plaintiff for flooring which they have purchased. No liens have in fact been filed by the defendant, only the threats of liens referred to have been issued. As a result of these telegrams having been sent to plaintiff's customers by the defendant, the plaintiff brings this suit asking for judgment declaring that the defendant owes the entire amount of the adjustment previously referred to; for judgment declaring the sales agreement breached and thus void; and for a preliminary and permanent injunction enjoining the defendant from communicating with plaintiff's customers in the future, and further ordering the defendant to notify the customers already contacted that no claim against them will be made by the defendant and that no lien will be filed as suggested in the telegrams.

It is only the matter of the issuance of a preliminary injunction that is presently before the Court.

It is the opinion of this Court that the defendant should be preliminarily, at least, enjoined from the activities complained of. As previously noted, the defendant has filed no liens. He has only threatened to do so. The obvious reason why no liens have been filed is that the defendant is probably well aware of the fact that in all probability he has no lienable right in the materials involved, and that therefore he might become liable for damages if he actually filed a lien. And this is apparently so whether the matter be considered under the laws of Louisiana, Washington, D. C., Virginia, or Maryland. From the evidence thus far presented to this Court, it is apparent that the defendant did not in any way contract with the owner, contractor, subcontractor, or any agent of the owner, contractor, or sub-contractor of the build-

ings into which the materials were incorporated after they were sold by plaintiff. The defendant merely sold its product to the plaintiff for re-sale. Plaintiff then sold the materials to its customers, who in turn incorporated them into buildings for various owners. There is no privity of contract between the owner of the buildings and the defendant, nor is there any privity of contract between the plaintiff's customers and the defendant. Thus it appears that in all probability, there is no lien right existing in favor of the defendant under these circumstances. See Jessie F. Heard & Sons et al. v. Southwest Steel Products, 124 So.2d 211 (La.App., 2nd Cir. 1960); Patterson v. Lumberman's Supply Co., Inc., 167 So. 471 (La.App., 2nd Cir. 1936); Title 38–101, 38–103, District of Columbia Code (1961); Article 63, Section 1 et seq., of the Maryland Laws of 1966; Title 43, Section 1 et seq., of the Statutes of Virginia.

■ Whether or not a preliminary injunction should issue is a matter which lies within the sound discretion of the court. Hamilton Watch Company v. Benrus Watch Company, 206 F.2d 738 (C.A.2–1953); Sinclair Refining Co. v. Midland Oil Co., 55 F.2d 42 (C.A.4–1932); Detroit Football Co. v. Robinson, 283 F.2d 657 (C.A.5–1960).

■ Furthermore, the applicant for a preliminary injunction carries the burden of showing both his right to and his need for the issuance of the injunction. United States v. Borden Company, 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903, (1954); Congress of Racial Equality v. Douglas, 318 F.2d 95 (C.A.5–1963), cert. den. 375 U.S. 829, 84 S.Ct. 73, 11 L.Ed.2d 61.

■ The purpose of a preliminary injunction is simply to preserve the status quo until the rights of the parties can be fully determined upon a trial on the merits. In exercising its discretion, the Court must balance the rights of the parties along with the possible injuries to each which may result from the granting or withholding of injunctive relief.

While the applicant for a preliminary injunction need not prove a case which will necessarily entitle him to a permanent injunction after trial on the merits, nevertheless, the likelihood of plaintiff's ultimate success is a strong factor to be weighed by the Court upon the hearing for the preliminary injunction. And, of course, the granting or denying of a preliminary injunction is not an adjudication of the ultimate rights of the parties. Even though a preliminary injunction issues, a permanent injunction may be denied after hearing the case on its merits, and vice versa. In the instant case, after considering these legal principles, it is the opinion of this Court that the plaintiff has shown that it has a right to a preliminary injunction and that irreparable harm might be suffered by it if the preliminary injunction were denied. On the other hand, any danger of harm to the defendant resulting from the issuance of the preliminary injunction is extremely remote. But it is the further opinion of this Court that the preliminary injunction should be limited to the issuance of a prohibitory injunction, and that plaintiff's additional demand for a mandatory injunction should be denied. The plaintiff has asked that the defendant be preliminarily enjoined from communicating "in any manner and for any purpose" with any of plaintiff's customers, and further asks that the defendant be ordered to contact all of plaintiff's customers previously contacted by the defendant, informing them that it, the defendant, will not make any claim against them on account of any laminated flooring manufactured by the defendant and installed in buildings by plaintiff's customers. Such an injunction would be too broad. Plaintiff is entitled to a preliminary injunction, prohibitory in nature, enjoining the defendant from contacting any of plaintiff's customers, or the customers of plaintiff's customers, for the purpose of directly or indirectly threatening them with the filing of a lien in connection with the sale or use of defendant's products sold by the plaintiff to third parties. As to the contacts

already made by the defendant, and of which plaintiff complains, no mandatory injunction will issue. Any harm already done by such contacts cannot be undone by a mandatory injunction. Further harm resulting solely from past contacts can be adequately forestalled by plaintiff's making a copy of this opinion available to the three or four customers previously contacted by the defendant. Furthermore, plaintiff has an adequate remedy at law available to it for the collection of past due accounts.

The preliminary injunction to issue herein is in no way intended to enjoin the defendant from actually filing any liens that it chooses to file. If they are properly filed pursuant to some legal right which defendant has, it certainly has the right to file them. If it files liens maliciously and without legal justification, it would certainly seem that the plaintiff has a remedy at law to make the defendant answer therefor in damages.

For these reasons, the preliminary injunction demanded by the plaintiff will be issued in accordance herewith.