## MINNESOTA LUMBER & COAL COMPANY v. S. C. ROINSTAD AND OTHERS.[1]

April 16, 1926.

No. 25,152.

**Findings and judgment sustained by evidence.**
Evidence considered and *held* to justify the findings of fact made by the trial court and amply sustains the judgment appealed from.

Mechanics Liens, 40 C. J. p. 194 n. 52; p. 248 n. 15, 16; p. 470 n. 63; p. 495 n. 62; p. 498 n. 81.

Action in the district court for Pipestone county to foreclose a lien for building material. The case was tried before Nelson, J., who made findings as stated in the opinion. Plaintiff appealed from the judgment. Affirmed.

*Charles Dealy*, for appellant.
*Evans & Evans*, for respondents.

QUINN, J.

Action to foreclose an alleged lien for building material. The matter was tried to the court, findings of fact and conclusions of law were made and entered to the effect that the plaintiff had never acquired any lien upon the premises which is prior or superior to the rights of the defendants Walker, Demaray or Readers Brothers Company, and that each of such defendants is entitled to judgment for their costs and disbursements; that plaintiff is not entitled

[1]Reported in 208 N. W. 548.

to a decree of foreclosure of its lien claim, but that it is entitled to judgment against the defendant S. C. Roinstad, in the sum of $929.33 with interest, costs and disbursements, and ordered judgment accordingly. From a judgment entered pursuant to such findings and order, the plaintiff appealed.

Roinstad was a builder and a dealer in real estate in the city of Pipestone. Plaintiff owned and operated a lumber-yard at Pipestone and carried a full line of all kinds of building materials. E. T. Soderberg was its local agent.

In July, 1921, Roinstad presented a bill for material for a dwelling-house to plaintiff for a price thereon. Plaintiff made a bid which was accepted and in August the plaintiff commenced delivering the material in accordance with the bill. April 6, 1922, the dwelling was in all things substantially completed and Roinstad set about finding a customer and selling the premises which consisted of two lots and the dwelling. His efforts proved unsuccessful and about July 1 he leased the premises to plaintiff's agent, Mr. Soderberg. In their negotiations, Soderberg insisted upon having screens put on the windows and a garage built. Roinstad yielded and on July 15 the screen sash was furnished and later the material for the garage was delivered. The material for the garage amounted to $130 and was subsequently paid for by check, though before payment the material was included in the bill of items attached to the pleading.

The bill of items is not verified. G. S. 1923, § 8502; Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083. It includes numerous items not intended for or used in either the garage or the dwelling, nor were they furnished under the contract of July 29. The trial court found that the screens were not furnished under the original contract, but that they were furnished under a separate and distinct contract entered into in July, more than 90 days subsequent to the substantial completion of the dwelling. This finding is amply sustained by the proofs. The court further found that no material which was used in the construction of the dwelling under the original contract was furnished or delivered within the 90-day period immediately preceding the filing of the lien statement. This finding

also has support in the evidence such as this court cannot interfere with.

As to the proper application of the payment of $400, it may be said that the proofs are not entirely satisfactory as to just how it should have been applied. However that may be, a lien being refused, plaintiff is in no manner prejudiced in its rights by the construction given the transaction by the learned trial court. The judgment should stand.

Affirmed.