Argued March 28, modified June 5, rehearing denied and motion to make decree more definite and certain denied June 26, 1928.

# WALTER BRAKEBUSH *v*. JOHN AASEN ET AL.

(267 Pac. 1035.)

(1)

For appellant there was a brief over the name of *Messrs. Goss & Murphy,* with an oral argument by *Mr. M. W. Skipworth.*

For respondent there was a brief and oral arguments by *Mr. W. T. Stoll* and *Mr. J. W. McInturff.*

ROSSMAN, J.—The complaint before us sets forth separately thirteen alleged causes of suit founded upon the agreed and reasonable value of labor expended by the plaintiff and twelve others, his assignors. The averments of work performed are followed by allegations of liens upon some logs. The prayer asks for judgment for the value of the work, the cost of the preparation of the lien notices, and prays for leave of court to correct the description of the property set forth in the lien notices, and finally for the foreclosure of the liens. The sole appellant is the receiver of the employer of these men; he is sued in his capacity as receiver. He filed first a motion seeking an order striking from the complaint many of its allegations; this was denied. Next he demurred on two grounds to each of the thirteen causes of suit. His first ground was that each cause as alleged did not state a cause of suit; second, that the court lacked jurisdiction of the subject of the suit. The demurrer being overruled, the defendant refused to plead further; he was later adjudged in default. Later the court heard testimony, prepared findings of fact and conclusions of law, and awarded to the plaintiff judgment for the sum of $2,140.20, together with interest, and the sum of $350 attorney's fees for prosecuting this cause and the sum of $143, the cost of the preparation of the liens. Thereupon the appellant prosecuted this appeal. Due to the determination which we shall make of this case, we deem it unnecessary to set forth our review of the Circuit Court's disposition of the motion.

Addressing ourselves now to a consideration of the demurrer we find that the defendants' contention that the court lacked jurisdiction of the subject of the suit was based upon the fact that the lien notice de-

scribed the real property upon which the logs were located as "South of Range 17, West of the Willamette Meridian." This the defendant contended would have placed the logs more than thirteen miles off the Oregon coast, or beyond the jurisdiction of this court. This was manifestly an error; the court in the exercise of its judicial knowledge knows of no member of the Oregon bar who is so ill-informed that he believes that thirteen miles off the Oregon coast is land upon which logging operations are being prosecuted and who further believes that that forest-clad phantom land is within the jurisdiction of this court. The complaint alleged that this misdescription in the lien notice was an error and sought leave of court to correct it so that it would read "Range 12" in lieu of "Range 17." The allegation of the complaint as distinguished from the description contained in the copy of the lien notice presented a body of land within the jurisdiction of this court. Whether the court could correct the error in the lien notice is a matter which we are not called upon to determine, as will appear from the disposition we shall later make of this cause.

Proceeding now to the problem whether the complaint stated a cause of suit, it is worthy of observation that the primary matter which the plaintiff sought was judgment for the sums he alleged were owing him; the establishment and foreclosure of the liens was a secondary matter. The complaint clearly set forth causes of action for labor performed. Were it not for the fact of receivership, it is clear that the complaint stated a good cause of action for work and labor performed. The effect of the receivership we shall subsequently determine.

Section 390, Or. L. provides: "No cause shall be dismissed for having been brought on the wrong side

of the court." In *Cole* v. *Canadian Bank of Commerce,* 115 Or. 456 (239 Pac. 98), this court said: "It was the duty of the circuit court to have retained the case and decided upon its merits, even if the cause should have been tried in equity." In *Spencer* v. *Wolff,* 119 Or. 237 (243 Pac. 548), this court further said:

"The circuit court had jurisdiction of the cause regardless of the question of whether or not it is a suit in equity or an action at law. No proceeding in the circuit court should be dismissed because addressed to the wrong side of the court. The cause should be disposed of according to its merits in the proper forum notwithstanding the litigants may have mistaken their appropriate remedy."

■ ■ That portion of Section 390, Or. L., previously quoted was enacted for the express purpose of saving the necessity previously existing, of dismissing a cause of action brought in equity which should have been brought at law, or a suit brought at law where the proper remedy was in equity. When the complaint was before the court upon demurrer, it stated, as we have already seen, a cause of action for work and labor performed; hence the court could not dismiss the cause although brought in equity; the limit of its jurisdiction was to remand it to the law side of the court. Upon the trial it developed, as is disclosed by the findings of fact, that the appellants and the two other defendants transported the logs outside of this state during the pendency of this suit. Hence, the court was powerless to foreclose the liens and could render only a judgment for the value of the labor.

■ But the circumstance is present that the defendant was the receiver of the employer. Section 1110, Or. L., provides:

"Whenever the business or property of any person, company or corporation in this state shall be placed by any court in this state in the hands of a receiver, whether upon foreclosure or creditor's bill, it shall be the duty of such receiver to report immediately to the court so appointing him, the amount due by said person, company, or corporation, at the date of such receiver's appointment, to employees and laborers of such person, company, or corporation; and it shall be the duty of said court to order the said receiver to pay out of the first receipts and earnings of said person, company, or corporation, after paying current operating expenses under his administration, the wages of all employees and laborers which had accrued within six months prior to the appointment of such receiver. It shall also be the duty of such court to order such receiver to pay the wages of all employees and laborers employed by him, at least once every thirty days, out of the first receipts and earnings of such person, company, or corporation while under his management; * * "

According to the findings of fact, none of the services which constitute the foundation of the plaintiff's cause of action were earned more than six months prior to the receivership, or more than thirty days after it; hence all come within the express period covered by the foregoing section of our laws. Under the provisions of Section 1110, Or. L., these workmen are entitled to preferred payment.

██ The complaint does not allege that the plaintiff applied to the court for leave to institute this action before doing so; however, the defendant neither in the Circuit Court nor in this court has offered any objection to the maintenance of this suit by reason of that fact. There being no objection offered we are justified in assuming that such consent was applied for and granted, or that the objection

has been waived: High on Receivers, § 254a; 23 R. C. L., Receivers, § 133. The practice generally followed would have suggested that the plaintiff present his claim to the receiver for allowance by way of petition, especially since he sought to foreclose liens upon property the possession of which had been granted to the receiver by an order of the court: *Goodnough* v. *Gatch,* 37 Or. 5 (60 Pac. 383), but the receiver has raised no objection upon this ground and as we have seen before the trial was completed, the logs had been transported outside of the state. The complaint was filed with the same court that appointed the receiver. It was within the province of the court to grant leave to maintain an action against the receiver in a court of law, or as an independent suit in equity: High on Receivers, § 254b. Since the receiver's only objection to the plaintiff's suit arises out of the errors appearing in the lien notices, and since he does not controvert the allegations that the labor alleged was actually expended and is unpaid for, we are justified in ignorng any regularity in practice: Const. Or., Art. VII, § 3c.

The judgment of the lower court allowing the plaintiff the sum of $2,140.00, the agreed value of the labor of the thirteen workmen, is affirmed. It is modified, however, so as to eliminate the items of $350 attorney's fee and $143, the cost of the preparation of the lien notices; these sums could be allowed only incidentally to the foreclosure of the liens. The item of $2,140.20 shall be a judgment against the defendant only in his capacity as receiver, to be paid by him as preferred claims in accordance with the above section of our laws.

MODIFIED. REHEARING DENIED.

RAND, C. J., and COSHOW and MCBRIDE, JJ., concur.