Submitted on motion to dismiss appeal, November 13, motion denied November 20, submitted on briefs on the merits December 18, 1928, modified January 15, rehearing denied February 5, 1929.

J. E. VAN LYDEGRAF *v.* VERNON O. TYLER

ET AL.

(271 Pac. 740; 273 Pac. 719.)

For the motion, *Mr. B. S. Martin* and *Mr. L. R. Martin.*

*Contra, Mr. Robin D. Day.*

RAND, C. J.—Respondent moves to dismiss the appeal of the defendants, Oscar H. Zeller and Marie L. Zeller, upon two grounds: first, that Vernon O. Tyler, one of the defendants who was not served with a notice of appeal was, within the meaning of Section

550, Or. L., an adverse party to his appealing co-defendants, and, second that the notice of appeal was not sufficient to describe the decree appealed from with reasonable certainty. We find no merit in either contention.

1, 2. The object of the suit was the foreclosure of three mechanics' liens. The complaint alleged that the defendant Tyler was the record owner of the property against which the liens were claimed, but that, before the improvement was made for which the liens were claimed, he had sold and conveyed the same to the appealing defendants and had no right, title or interest in said property. The record shows, and it is not disputed and Tyler so testified, that Tyler had sold and conveyed the property in question to the appealing defendants and received the full purchase price thereof, and that he had no right, title or claim to the property or to any interest or estate therein. The decree was entered in favor of Tyler and against the appealing defendants, foreclosing the liens and directing the sale of the property in satisfaction thereof.

An adverse party within the meaning of Section 550, Or. L., "is a party whose interest in relation to the judgment, or decree, appealed from is in conflict with the modification, or reversal, sought by the appeal." This was the holding in *Conrad* v. *Pacific Packing Co.*, 34 Or. 337, 342 (49 Pac. 659, 52 Pac. 1134, 57 Pac. 1021) and in the authorities there cited, and this rule has not been changed by any subsequent decision. Under the facts disclosed an affirmance, reversal or modification of the decree appealed from could not in any way affect any right, claim or interest of Tyler in the subject matter of the litigation,

and hence he was not an adverse party upon whom service of the notice of appeal was required.

The notice of appeal contained the title of the court and cause in which the decree appealed from was rendered and notified the respondent and his attorney that the defendants, Oscar H. Zeller and Marie L. Zeller, appeal to the Supreme Court of the State of Oregon from the decree rendered in said court and cause on the thirteenth day of July, 1928, and entered of record on the sixteenth day of July, 1928, and stated that the decree was in favor of respondent and against the appealing defendants. It also stated the amounts for which the decree was given and that respondent was decreed to have a first lien upon the premises for said amounts, and particularly described the premises against which the lien was given and directed the sale of said premises to satisfy such amounts, and that the appeal was from the whole of said decree.

3. The statute provides that the notice of appeal "shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the supreme court or circuit court, as the case may be, from the judgment, order or decree, or some specified part thereof." This notice contained all that the statute required and more and by force of the statute was sufficient. From this it follows that the motion to dismiss the appeal upon both grounds must be denied.                    MOTION DENIED.

## ON THE MERITS.

This is a suit to establish and foreclose three mechanics' liens; one in favor of the plaintiff and two in

favor of his assignors. The plaintiffs prevailed in the court below; defendants as owners of the premises, appeal. MODIFIED. REHEARING DENIED.

For appellants there was a brief over the name of *Mr. Robin D. Day.*

For respondent there was a brief and oral arguments by *Mr. B. S. Martin* and *Mr. L. R. Martin.*

ROSSMAN, J.—4, 5. Defendants contend, that the evidence failed to show a cause of suit in the plaintiff; specifically they point out, that the plaintiff failed to establish the liens which his complaint alleges. To secure a decree for the relief prayed for, it was essential that the evidence should prove not only that the claimants furnished the labor and materials mentioned in the complaint, but also, that they filed lien notices within the statutory period, containing the information mentioned in Section 10195, Or. L. The complaint alleged that these things were done; attached to it are three documents, which it avers are copies of the lien notices. The answer denied all averments of the complaint; thus, there was placed in issue, not only the allegations that the work was done and the materials supplied, but also those which averred that the plaintiff possessed liens upon defendants' property obtained through compliance with the statutory requirements. It follows, that the burden rested upon the plaintiff to establish by proof, that the claimants filed proper lien notices within the statutory time: 40 C. J., Mechanics' Liens, § 649.

6, 7. We have carefully read the evidence and are satisfied that the claimants performed the labor and supplied the materials mentioned in the complaint.

But the sole evidence that the Mechanics' Lien Act was complied with, is the following: when the plaintiff was upon the witness-stand his counsel inquired: "Q. You filed a lien?" "A. Yes." The claimant Johnson made the same answer to a similar question. Later in explaining another of his answers he added: "And I waited until the last day I could file my lien before I done it." There is no evidence that the claimant Douglas made any endeavor, whatever, to acquire a lien. No lien notices were produced and no explanation offered as to their contents or absence. In fact, as we said before, the above brief answers constitute the only mention of liens made in the evidence. The plaintiff's case is thus left in the position where the burden of establishing by proof, that lien notices containing the information required by Section 10195, Or. L., were filed, remains undischarged. Before he was entitled to a foreclosure of his alleged liens, it was incumbent upon him to establish them. The establishment could not be perfected without proof that the claimants filed documents within the thirty-day period of time containing the information required by Section 10195, Or. L. Under the circumstances revealed by the evidence, the plaintiff was not entitled to a decree establishing the alleged liens, and ordering their foreclosure. This portion of the relief allowed by the decree of the Circuit Court, must be withheld. Plaintiff may, however, retain these portions of the decree which grant him judgment for the value of the work performed and materials supplied: that is the sums of $190.55, $66.03 and $560.06. Under these circumstances, an attorney's fee and the filing fees for the lien notices are not recoverable; costs to the defendants.    MODIFIED. REHEARING DENIED.