Argued April 15; affirmed April 28, 1931

## WEITH *v.* KLEIN
(298 P. 902)

*Albert Abraham,* of Portland, for appellant.

*L. E. Schmitt,* of Portland (J. C. Veatch, of Portland, on the brief), for respondent.

ROSSMAN, J. April 2, 1929, the plaintiff filed in the circuit court a complaint containing seven counts; each was alleged as a "cause of suit." The first averred

that there existed between the parties the relationship of landlord and tenant; that the defendant executed the lease with the knowledge that the plaintiff intended to conduct upon the leased premises the business of manufacturing and selling sausages; that when the plaintiff executed the lease he purchased from the defendant, at the price of $5,500, the good-will and equipment of the meat market which the defendant had previously maintained upon those premises; that later, while the plaintiff was in possession, the city widened the street in front of the leased premises by appropriating a strip 12 feet deep off of the front portion thereof to the injury of the plaintiff in the sum of $4,143.75; that as compensation for the damages sustained by both the leasehold and the reversion the city awarded $10,153.75 damages; and that the plaintiff had no plain, speedy and adequate remedy at law. The second count averred that during the alteration of the building the latter was untenantable, and that the plaintiff was thus obliged to cease the conduct of his business from September 20, 1927, to February 10, 1928; but that, nevertheless, the defendant forced him to pay rent in the amount stipulated in the lease, that is, $75 a month, or a total of $400 for those five and one-third months. The third count averred that the reduction in the amount of space rendered the premises unfit for the contemplated purpose during the period of March 1, 1928, to March 1, 1929; but that, nevertheless, the defendant exacted the rental recited in the lease, and that the sum paid exceeded the reasonable rental to the extent of $480. The fourth count alleged that although the lease contained a covenant that the landlord should restore the premises into a usable condition in the event the street should be widened, he neglected to do so and thereby damaged the plain-

tiff in the sum of $5,000. The fifth count recited that while the defendant and his employees were in possession, making repairs, "there were lost, removed or stolen from said premises" a quantity of tools and merchandise, which the count itemizes, "to plaintiff's damage in the sum of $193.97." The sixth count averred that within two years after the execution of the lease and the plaintiff's purchase of the good-will of the business previously conducted upon the premises by the defendant the latter "opened another meat market" in a competing location to plaintiff's damage in the sum of $10,000. The seventh count alleged that after the defendant entered his new venture "he solicited the patrons of plaintiff's meat market and by unfair competition procured their trade away from plaintiff" to the latter's damage in the sum of $10,000.

The prayer itemized the relief sought as follows: Under the first count "an accounting" was sought of the award made by the city; "under the second cause of suit" a "decree" in the sum of $400 was demanded; the third, fourth, fifth, sixth and seventh divisions of the prayer each sought "decrees" in the sums respectively of $480, $5,000, $193.97, $10,000 and $10,000.

The answer admitted: The execution of the lease for the term alleged by the plaintiff; plaintiff's possession; defendant's ownership; plaintiff's purchase of the equipment and good-will of the market formerly conducted by the defendant at that place; the widening of the street and the cutting of 12 feet off of the building; the city's award of $10,153.75 damages, and the collection by the defendant of that entire sum. After alleging that the plaintiff abandoned the premises April 1, 1929, it denied all other allegations of the complaint. Further answering it alleged the terms of

the lease as expressed in the copy of that document attached to the complaint; the widening of the street; that the city council decided the defendant would be damaged in the sum of $10,153.75 by the contemplated public improvement; that when the mayor and auditor prepared the city's warrant in that amount the plaintiff asserted a claim against the city for $1,800 damages to his leasehold estate; that thereupon the city instituted a suit in the circuit court for the purpose of having the plaintiff and the defendant interplead so that their rights to the fund of $10,153.75 could be determined; that following the institution of that suit and the city's deposit of $10,153.75 in the registry of the court, the court ordered the discharge of the city; that later plaintiff and defendant stipulated that the latter should be permitted to withdraw from the deposited sum $6,000; that after both parties had filed their pleadings, a trial was held which resulted in a decree holding that the plaintiff was entitled to no relief against the defendant and that the clerk should pay to the latter the balance of $4,000. Concluding, the answer alleged that the proceedings just mentioned determined adversely to the plaintiff "the same question raised in plaintiff's first cause of suit." The answer prayed for a dismissal of the complaint.

The reply admitted that the parties had participated in the litigation reviewed in the answer and its determination adversely to the plaintiff. The issues having been thus revealed the cause came to trial and on May 9, 1930, the circuit court entered its decree reciting "the court finds that the law and the equity are with the defendant, and he is entitled to prevail against the plaintiff; that the plaintiff is not entitled to recover anything from the defendant or the money

received by the defendant from the city of Portland, Oregon, as damages to his property in the widening of Burnside street on counts I, II, III, IV, V and VI of his complaint, the plaintiff having heretofore withdrawn the seventh cause of action * * *." The decree dismissed the cause and awarded the defendant a judgment for his costs.

May 15, 1930, the plaintiff sought to file an "amended complaint in law." This proposed pleading, after alleging the lease and plaintiff's possession, averred that the lease contained a provision for plaintiff's peaceable possession of the premises, but that the defendant permitted a breach thereof to occur in such a manner that the premises had become unfit for the purposes contemplated when the lease was executed. It prayed for damages in the sum of $25,000. May 15, 1930, the plaintiff moved that the decree of May 9, 1930, be vacated and that he be permitted to file the aforementioned "amended complaint in law." Both motions were denied, that is the one which sought leave to file the amended complaint and the other which sought a vacation of the decree so that the amended complaint could be filed. The plaintiff has appealed from that order and from the decree.

Plaintiff's argument does not attack the decree, but confines itself to the contention that the circuit court erred when it denied him the privilege of filing the "amended complaint in law." Possibly in justice to plaintiff's present counsel we ought to state that he is not the individual who prepared the other pleadings. Plaintiff contends that when at the conclusion of the trial in the circuit court that tribunal ruled "the law and the equity are with the defendant, and he is entitled to prevail against the plaintiff; that the plaintiff

is not entitled to recover anything from the defendant
* * * '', and dismissed plaintiff's cause, it disposed
of only such rights of the plaintiff as were of an equi-
table nature leaving untouched all of his legal remedies.
Based upon that view of the situation he argues that
he is now free to assert his legal remedies and pro-
poses to do so by filing the "amended complaint in
law." In support of this contention he relies upon that
portion of § 6-102, Oregon Code 1930, which provides,
"no cause shall be dismissed for having been brought
on the wrong side of the court," and upon *Simpson v.
First Nat. Bank*, 94 Or. 147 (185 P. 913); *McCann v.
Oregon Scenic Trips Co.*, 105 Or. 213 (209 P. 483); *Cole
v. Canadian Bank of Commerce*, 115 Or. 456 (239 P. 98),
and *Spencer v. Wolff*, 119 Or. 237 (243 P. 548). The first
of these four decisions he deems the most favorable,
and it sufficiently illustrates the principle employed by
all four. In that case the plaintiff sought judgment
against the defendant as an endorser of a promissory
note, although its signature was absent from that in-
strument. We there held:

"The proceeding brought by the plaintiff is an
action at law and not a suit in equity; and since the
court cannot compel an endorsement of the note in an
action at law, but can do so only in a suit in equity, it
necessarily follows that, since the amended complaint
is in its present condition insufficient as a complaint
in equity, the trial court correctly sustained the demur-
rer to the complaint even though it be assumed that
the plaintiff is entitled in a proper proceeding to
compel the bank to endorse the note. But it is said in
section 390, L. O. L., as amended by chapter 95, L. 1917,
that 'No cause shall be dismissed for having been
brought on the wrong side of the court. The plaintiff
shall have a right to amend his pleading to obviate any
objection on that account.' It is possible that the plain-
tiff can so amend her complaint as to entitle her to the

endorsement of the bank and to a judgment against it as an endorser, and hence the cause will be remanded with permission granted to the plaintiff to amend her complaint within the authority of Chapter 95, Laws 1917: * * *.''

It will be observed that in that case it affirmatively appeared that the circuit court had not adjudicated the equitable rights of the plaintiff; in fact, although the complaint indicated the possession by the plaintiff of such rights it failed to allege sufficiently a cause of suit. In *McCann v. Oregon Scenic Trips Co.*, supra, the complaint stated sufficient facts ''to support a judgment at law, but not enough, however, to serve as a foundation for a decree in equity''; yet the relief which the plaintiff sought was equitable in nature and not a mere judgment for money. Confronted with this situation we held that the complaint was immune from attack by demurrer, but that the cause should be remanded to the circuit court so that amendments could be made to the pleading which would justify an award of the desired relief. One member of this court believed that the court was not justified in remanding the cause and that a judgment for the plaintiff was an appropriate remedy. 'The other two cases cited by the defendant are not substantially different.

The distinction between those cases and our present one is at once apparent. In the instant appeal, while it may be doubtful whether the complaint alleges any facts cognizable in a court of equity, its recitals clearly constitute a cause of action, possibly seven such causes. It also appears that the circuit court accepted jurisdiction not only of plaintiff's alleged ''suits'' but also of his actions, because it ruled ''the law and the equity are with the defendant * * * the plaintiff is not entitled to recover anything from the defendant or the

money received by the defendant from the city &ast; &ast; &ast; on counts I, II, III, IV, V and VI of his complaint &ast; &ast; &ast;."

■ The courts have held that in an action for money had and received a tenant can recover from his landlord his proper portion of a lump sum awarded as damages to the combined estates: *McAllister v. Reel,* 53 Mo. App. 81; *Harris v. Howes,* 75 Maine 436; Lewis Eminent Domain (3d Ed.), § 719. It is thus apparent that even the first count stated a cause of action. The next four counts apparently do not allege additional independent causes of action, but endeavor to exalt items of damage, inflicted by the alleged wrong mentioned in the first count, into separate causes of action. The amended complaint, which the plaintiff sought the privilege of filing, lumped these items into a gross sum and thus embraced all in one count.

Section 6-102, Oregon Code 1930, has caused us to declare repeatedly that a complaint cannot be dismissed if it states either a cause of suit or a cause of action although the pleader misconstrues the nature of his proceeding. And we have also held that if a party in his complaint alleges a cause of suit, which he fails to establish upon the trial but succeeds in proving himself entitled to a judgment, he should not be turned out of court but should be granted the judgment: *Van Lydegraf v. Tyler,* 128 Or. 236 (271 P. 740, 273 P. 719). In that case the plaintiff sought to foreclose a mechanic's lien, but failed to prove his lien; he succeeded, however, in proving that he had performed for the defendant the work mentioned in the lien notice and its value. Since he thus established facts entitling him to relief he was granted a judgment for the value of his labor. See also *Brakebush v. Aasen,* 126 Or. 1 (267 P. 1035),

and *McCann v. Oregon Scenic Trips Co.*, supra. In *Spencer v. Wolff*, 119 Or. 237 (243 P. 548), this court said:

"The circuit court had jurisdiction of the cause regardless of the question of whether or not it is a suit in equity or an action at law. No proceeding in the circuit court should be dismissed because addressed to the wrong side of the court. The cause should be disposed of according to its merits in the proper forum notwithstanding the litigants may have mistaken their appropriate remedy."

■ It follows from the above that no amendments to the complaint were needed to transfer the plaintiff's cause from the equitable to the law side of the court. It was the duty of the circuit court to grant the plaintiff any relief which the evidence entitled him to receive. The idle ceremony of an amendment was not required when his complaint already alleged a cause of action. Nor was it necessary to enter a decree as a prelude to a consideration of whether a cause of action had been proved. The duty was incumbent upon the court to grant the appropriate relief, however much mistaken plaintiff's attorney had been in his understanding of the nature of the proceeding. The presumptions of the law are that the court did its full duty; that is, that it did not dispose of the cause until the court had become satisfied that the plaintiff was entitled to no relief either legal or equitable. These presumptions are substantiated by the recitals of the decree previously quoted. Nothing appears to the contrary.

The parties have not brought before this court a transcript of the evidence, and hence since we have disposed of the above contention there awaits nothing further for our disposition.

BEAN, C. J., RAND and KELLY, JJ., concur.