Argued February 23; reversed March 21, 1933.

OLDENBURG ET UX. *v.* CLAGGETT ET UX.

(20 P. (2d) 234)

*Floyd D. Moore,* of Portland (William Beatty of Portland, on the brief), for appellants.

*E. M. Page,* of Salem (Walter Keys, of Salem, on the brief), for respondents.

CAMPBELL, J. This is a suit brought by Arthur E. Oldenburg and his wife as plaintiffs, to enjoin the

defendants from a continuing trespass upon their premises, tearing or cutting down their fences or interfering in any manner with plaintiff's land or any part of their premises.

Plaintiffs, in their complaint, allege that they are the owners of a tract of land in Marion county, Oregon. They allege that on the southwesterly corner of this land they built a fence, on or about March 30, 1931, enclosing that portion of the premises; that, on the same day, defendants destroyed about 20 feet of the said fence and proceeded to go upon and cross over this part of plaintiffs' premises. The next day, plaintiffs rebuilt the portion of the fence so destroyed, when again defendants tore it down, chopped up the corner post and again proceeded to go upon, drive across and use that portion of plaintiffs' land. Plaintiffs allege that defendants threatened to continue to trespass on said portion of plaintiffs' land and to use it as a roadway and to deprive plaintiffs of the use of said tract so occupied, to the irreparable damage of plaintiffs. They prayed that defendants be enjoined from further trespassing thereon.

Defendants filed an answer to this complaint in which they first made a general denial of every allegation of the complaint and then, by way of a further and separate answer, alleged in effect that they are the owners of the tract of land in dispute by adverse possession, claiming that they and their immediate predecessors in interest have been in possession thereof for more than 20 years prior to the bringing of this suit and prayed that the complaint be dismissed and for costs and for such other and further relief as might seem meet. When plaintiff submitted his evidence, defendant moved to dismiss on the ground that

equity had no jurisdiction. The court sustained the motion and dismissed the suit. Plaintiffs appeal.

It appears from the evidence that defendants own a tract of land westerly from and adjacent to plaintiffs' land and that the southeasterly boundary line of a portion of plaintiffs' land and the northeasterly boundary line of defendants' land is common. It further appears that plaintiffs' southwesterly boundary line and northeasterly boundary line intersect at a point in the center of a county road forming a rather acute angle at the southeast corner of plaintiffs' land. The defendants are claiming to own this corner, covering a triangular tract extending about 20 feet on each of plaintiffs' lines forming the angle. At this particular corner, is where plaintiffs built their fence. The defendants destroyed about 20 feet of the most southerly portion of said fence, chopped the posts out of the ground and proceeded to travel over it and use it as a roadway, claiming to be the owners of the tract. Defendants, in their answer, are claiming to own that particular piece and claim the right to use it, so that if the plaintiffs are the owners, there can be no doubt, from the pleading and the evidence, that the trespass is a continuing one.

The real question presented by the pleadings is, who is the owner of the small triangular tract of land in dispute?

We are of the opinion that had the defendants demanded a jury trial it would have been the duty of the trial court to have granted the request. Should the jury find that plaintiffs were the owners, the court, on the showing made, might have issued the injunction restraining the defendants from further trespass.

■ It is true that equity will not enjoin a trespass on realty unless the act constituting the trespass will cause an irreparable injury to the estate. *Smith v. Gardner,* 12 Or. 221 (6 P. 771, 53 Am. Rep. 342); *Allen v. Dunlap,* 24 Or. 229 (33 P. 675); *Mendenhall v. Harrisburg, Etc.,* 27 Or. 39 (39 P. 399).

It is somewhat difficult to frame a general definition of irreparable injury that will be applicable to all cases.

"An injury may also be irreparable when of such consequence or frequent recurrence that no fair or reasonable redress can be had therefor in a court of law. The term also includes wrongs of a repeated and continuing character, or which occasion damages which are estimable only by conjecture, and not by any accurate standard. Another of the cases in which an injury is irreparable in the equitable sense, is where the complainant cannot procure redress at law without incurring the expense of several actions, and the damages recoverable would be inadequate to recoup him". 14 R. C. L. 347, § 49.

But should we assume that plaintiffs are not entitled to injunctive relief, a question on which we express no opinion, yet the pleadings present an issue for the court to dispose of.

■ Plaintiffs claim to be the owners in fee simple of the tract of land in dispute. It is admitted that the record of conveyances shows that fact. That is, the defendants admit that the record or paper title is in plaintiffs, but the defendants claim that by reason of adverse possession, for more than the statutory period, they are the real owners of the particular tract. These contentions, appearing in the pleadings, present an issue either in equity or at law. The defendants did not demand a jury trial, but submitted their cause to the court sitting in equity and in fact asked the court

to give them such general relief as the "court might deem just and equitable". When the defendants asked for equitable relief, and submitted their cause to the equitable jurisdiction of the court, they were precluded from raising the question of the court's jurisdiction. *Municipal Security Co. v. Baker County,* 33 Or. 338 (54 P. 174); *O'Hara v. Parker,* 27 Or. 156 (39 P. 1004); *Kitcherside v. Myers,* 10 Or. 21.

There is a provision in our statute which we must take into consideration:

"* * * No cause shall be dismissed for having been brought on the wrong side of the court. The plaintiff shall have the right to amend his pleadings to obviate any objection on that account. * * *" Oregon Code 1930, § 6-102.

This amendment to the statute was intended to enable the parties to a legal controversy, over which the court had jurisdiction either at law or in equity, to have the cause determined, even if the party plaintiff did mistake his remedy. The pleadings in the instant case present a state of facts which gives the circuit court jurisdiction to hear and determine the matter in dispute. Consequently the controversy should have been determined and finally disposed of by the court. *Weith v. Klein,* 136 Or. 201 (298 P. 902); *Spencer v. Wolff,* 119 Or. 237 (243 P. 248); *Cole v. Canadian, Etc.,* 115 Or. 456 (239 P. 98); *McCann v. Oregon, Etc.,* 105 Or. 213 (209 P. 483); *Kroeschel v. Martineau Hotels,* ante p. 31 (18 P. (2d) 818).

The decree of the circuit court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.