## MITCHELL v. BEAVER DREDGING CO.

No. 3624.

Fourth Division. Fairbanks.
Oct. 11, 1935.

568

Louis K. Pratt, of Fairbanks, for plaintiff.
Chas. E. Taylor, of Fairbanks, for defendant.

PRATT, District Judge.

The plaintiff performed work in and about the mining operations of defendant during the years 1930, '31, and '32, and was thereby entitled to a miner's lien upon the mining machinery and certain other property of the defendant on Nome creek in the Tolovana recording district, Alaska. He filed a lien claim in the proper recording district, and within the time fixed by the Code commenced a foreclosure action in which he prayed for the following relief: (a) A money judgment against defendant; (b) a decree adjudging his miner's lien, foreclosing the same, ordering the property sold and the proceeds applied to the satisfaction of the money judgment.

The defendant in its answer admitted owing about one-half of the sum claimed to be due by plaintiff, but denied that plaintiff had a miner's lien, and prayed that the court adjudge that the plaintiff did not have any lien and that plaintiff should recover only the sum admitted by defendant.

The case as a foreclosure action was tried in the spring of 1933 by Judge E. Coke Hill, without a jury. On June 5, 1935, he made and entered written findings of fact finding that the defendant was indebted to plaintiff in the sum of $2,741.14, with interest thereon at 8 per cent. per annum from May 10, 1932. He further found that plaintiff had had a lien on defendant's property to secure the payment of the above-mentioned sum, but had lost the same by filing his lien a few days too late.

The trial judge concluded as a matter of law that the lien had failed, and that the action should be dismissed at the cost of the plaintiff. A judgment was entered on July 9, 1935, in accordance with such conclusions of law.

Judge E. Coke Hill having gone out of office with the close of July 10, 1935, the motion of the plaintiff, filed July 12, 1935, to vacate the above-mentioned conclusions of law and judgment as being erroneous and contrary to law, and to grant a new trial in the cause, came on to be heard by the successor in office.

Whether or not plaintiff can have a personal judgment for the sum due him, the lien having failed, or whether he must bring a separate suit, is a question meriting a careful review of the authorities.

*Statutory Enactments:*

By Act of June 6, 1900, 31 Stat. 333, Congress put into effect in Alaska what is generally known as the Reform Procedure. The act in section 1, Carter's Alaska Code, provides: "The distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished, and there shall be but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which is denominated a civil action."

This is section 833, C.L.A.1913, and section 3351, C.L.A. 1933.

The same act of Congress, as it appears in Carter's Alaska Code, and as chapter 28, Civil Code C.L.A.1913, relative to mechanic's liens, provides:

"Every * * * laborer * * * performing labor * * * used in the construction, development, * * * of any building * * * mine * * * shall have a lien." Carter's Alaska Code, § 262, C.L.A.1913, § 691.

"In all actions to enforce any lien * * * all persons personally liable * * * may be made parties. * * * The proceedings * * * shall be, as nearly as possible, made to conform to the proceedings of a foreclosure of a mortgage lien upon real property." Carter's Alaska Code, § 270, C.L.A.1913, § 699.

"A lien * * * shall be foreclosed * * * by an action of an equitable nature. * * * In addition to the judgment of foreclosure and sale, if it appear that a promissory note or other personal obligation for the payment of the debt has been given * * * the court shall also adjudge a recovery of the amount of such debt * * * as in the case of an ordinary judgment for the recovery of money." Carter's Alaska Code, § 389, C.L.A.1913, § 1221, C.L.A. 1933, § 3897.

"During the pendency of an action for the recovery of a debt secured by any lien * * * an action can not be maintained for the foreclosure of such lien." Carter's Alaska Code, § 394, C.L.A.1913, § 1226.

With the creation of a Legislature for the territory of Alaska have come laws more favorable to the laborer and miner.

In chapter 13, S.L.A.1915, under which act the plaintiff performed his services and acquired his lien, the Legislature provided for such a lien for work regardless of whether or not the work and labor improved the property, as was required by the Mechanics' Lien Act of Congress, and the Legislature further provided: Section 3: "It is hereby declared the intent of this Act to be remedial and

to secure the laborer or miner the amount due for his labor."

Section 9: That foreclosure proceedings shall be governed "by the laws of the Territory regulating the mode and manner of trial of actions to secure property so as to hold it for the satisfaction of any lien against it."

Section 10: All persons claiming liens against the same property shall be joined and separate actions shall be consolidated, and "all persons personally liable" may be made parties.

Section 11: That no mistake shall be ground for dismissal or unnecessary delay in the action to foreclose the lien; that the inclusion of nonlienable items shall not be deemed material unless the error effects the substantial rights of the adverse party "acquired in good faith without notice," and pleadings may be amended at any time before judgment.

Section 15: Repeals all acts in conflict and provides that chapter 28, C.L.A.1913 (containing sections 691 to 704 inclusive), relative to mechanics' liens, shall continue in force unless inconsistent with the provisions of chapter 13, S.L. A.1915.

By chapter 113, S.L.A.1933, the provisions of the 1915 act were re-enacted, and there also appear the following sections:

Section 67 (the same being section 2091, C.L.A.1933) providing that the lienor might maintain an action at law in the same manner as if he had no lien for the security of his debt, and that the bringing of such action at law should not prejudice his rights under the lien laws.

Section 69 (the same being section 2093, C.L.A.1933) provides: "The intent of this Act is hereby declared to be remedial and its provisions shall be liberally construed."

As liens provided by statute create a cumulative remedy (40 C.J. 367), a lienor under the act of Congress would not have had his right to an action at law abated

had it not been for section 394, Carter's Alaska Code. Section 67, c. 113, S.L.A.1933, merely restored to the lienor the right to proceed both ways, and by way of his lien, which right had been taken from him by said section 394, Carter's Code.

Under a somewhat similar statute, the California courts upheld an attachment lien which was obtained in a mechanic's lien foreclosure suit in the case of Bettingen Lumber Co. v. Kerrin et al., 99 Cal.App. 686, 279 P. 163.

On the whole the acts of the Legislature have the very definite purpose of assisting the miner and laborer to recover his wages. The very definite provision that those personally liable may be made parties to the foreclosure suit, and the definite statement in both the 1915 and 1933 Session Laws that the lien laws are remedial, have no tendency to support the holding in this case which charged up costs against the plaintiff and required him to bring another and separate suit, while at the same time adjudging that a large sum of money was due to him from the defendant.

*The Decisions:*

This very question came up in the case of Turner v. Enstrom, 5 Alaska, 118, in this division in 1914.

It was there held that, though the lien failed and the mine owners were discharged from liability, a judgment in favor of the laborers against lessees who had hired them should be entered.

In the case of Wasky v. McNaught et al., 163 F. 929, 931, the Circuit Court of Appeals for the Ninth Circuit, in an appeal from Alaska, stated: "In Alaska, the distinction between actions at law and suits in equity and the forms of all such actions and suits are abolished. * * * In Oregon, the distinction between forms of actions at law is abolished * * * but the distinction between an action at law and a suit in equity is still preserved. * * *"

"In Pomeroy's Code Remedies, the author, in section 76 * * * says:

" 'Under the former system a legal primary right, when invaded, could only be redressed by an action at law, and a legal judgment alone was possible; while an equitable right must be redressed or protected in an equity suit and by an equitable remedy. . A union or combination of the two classes, either wholly or partially, in one action was unknown, unless permitted by some express statute, and was utterly opposed to the theory which separated the two departments of the municipal law.'

"Then, referring to the system of uniting and combining legal and equitable causes of action in one suit, the author says:

" 'The new system not only permits but encourages—and in spirit, I believe, requires—such a union and combination, for one of its elementary notions is that all the possible disputes or controversies arising out of, or connected with, the same subject-matter or transaction should be settled in a single judicial action. * * * ' "

"This new system of combining and uniting legal and equitable causes of action had its origin in the state of New York, where it is provided in the Code of Civil Procedure of that state:

" 'There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished.'. Section 3339, Stover's Ann.Code Civ.Proc.N.Y.

"This system has since been adopted in a number of the states and territories, including California and the territory of Alaska."

In the case of Sidney Ridge against American Creek Dredging Co., No. 3283 of this court,[1] the plaintiff had a number of assigned claims as well as a claim of his own, for which miners liens were claimed. Judgment was en-

[1] No opinion filed.

tered April 11, 1931, in his favor against the defendant for the sum of $5,900, but only $3,900 of the same was decreed to be secured by a lien; the liens as to the balance having failed.

In Boisot on Mechanics' Liens (1896), the author says:

"Sec. 653. Whether a plaintiff who for any reason is not entitled to a lien, but to whom the defendant is indebted for work or materials, is entitled to a personal judgment for his debt, is a question on which the authorities hopelessly differ. There is a long line of cases holding that he cannot have such a judgment.

"Sec. 654. On the other hand, there is a still longer line of authorities which hold that a mechanic's lien claimant who fails to establish his lien may nevertheless obtain in that same suit personal judgment against his debtor. * * *"

The cases cited under said section 653 from California, Colorado, and Washington are old cases under very early statutes which were changed many years ago, and under which later statutes a different rule has been followed.

The early New York decisions were divided on the question, and the Legislature quickly passed an act making it clear that the personal judgment should be entered though the lien failed.

In 40 C.J. p. 495, it is stated: "A personal judgment in favor of claimant against his debtor may under the practice more generally followed be rendered, although claimant fails to establish or maintain his alleged lien. (62) The rule, however, is not universal and a personal judgment will not be entered in some jurisdictions, (63) more particularly where the distinction between law and equity is retained and the lien proceeding is in equity. (64)"

Under note 62 are cited many cases. Under note 64 is cited Russell v. Hayner, 130 F. 90, 94 (C.C.A.9th Circuit from Alaska).

Judge Hill's judgment in this case was entered largely upon the authority of Russell v. Hayner, supra, in which case a house had been built by Russell under a contract with Hayner on ground which was owned by third parties on which Hayner then had an option. The owners of the ground were also made parties, but the lower court held on demurrer that the lien statement did not show who the owners of the ground were, and that therefore the lien failed. He then dismissed the action.

On appeal District Judge Hawley, sitting with the Circuit Court Judges, wrote the decision. He stated: "It is also claimed that in any event the court erred in sustaining the demurrer interposed by appellees, because the complaint shows facts sufficient to entitle appellants to recover a personal judgment against appellee Helen F. Hayner for whatever sum might be found due upon her contract with appellants. This might be true under the provisions of state codes which have abolished all distinctions existing under the common law as to suits in equity or actions at law, or under a state statute which expressly provides in the act relating to mechanics' liens that such a course may be pursued. But this is purely an equity suit, wherein appellants seek relief only under 'the benefits of the law relative to the liens of mechanics and others.' They could doubtless bring an action at law to recover a judgment against Helen F. Hayner for whatever amount of money is found due under the contract."

Thus it appears clearly that Judge Hawley's attention was not directed to the fact that Alaska did have a code which abolished all distinctions existing between suits in equity and actions at law. Consequently the decision of Russell v. Hayner, being based upon an error as to what the Alaska Code contained, is authority for entering the personal judgment where the lien fails rather than authority to the contrary.

The case of Russell v. Hayner was reversed, in principle, in a short time, in the case of Madden v. McKenzie (C.C.A.) 144 F. 64, 66.

In that case the plaintiff claimed a lease on a building; alleged that she had been ejected by the defendant and prayed for an injunction restoring her to possession and enjoining the defendant from interfering with possession. The defendant set up an alleged affirmative defense. The plaintiff moved for judgment on the pleadings which was granted by the court, and a judgment entered in favor of plaintiff.

The Circuit Court of Appeals said:

"The Code of Civil Procedure of Alaska, while in the main it follows closely the Code of Oregon, differs essentially from it in the particular that it provides:

" 'The distinction between actions at law and suits in equity and the forms of all such actions and suits are abolished. There shall be but one form of action for the protection of private rights and the redress and prevention of private wrongs, which is denominated a civil action.' Carter's Codes of Alaska, p. 145, § 1. * * *

"Under such a statute, if the facts pleaded present a case of equitable cognizance, the cause will be heard upon the equity side of the court according to the procedure provided for the disposition of such a case, and, if the complaint is sustained, the plaintiff will be given equitable relief. If, on the other hand, the facts alleged are such as to bring the case within the cognizance of a court of law, it will be tried as an action at law, and the right of the parties to a jury trial will be conserved. If a complaint be framed ostensibly as a bill in equity, praying for equitable relief, and yet is in its substance a complaint in an action at law, the remedy of the defendant is to move that it be dealt with and heard as an action at law."

In the case of Cannon v. Williams, 14 Colo. 21, 23 P. 456, 457, the Supreme Court of Colorado had this question under consideration.

It held that lien statutes are remedial in nature and are to be liberally construed in favor of lienors. The laws of Colorado of 1883 (Gen.St. §§ 2155, 2161), under which

the parties to this litigation acted, provided: "Each party who shall establish his claim under this act shall have a judgment against the party personally liable to him for the full amount of his claim so established, and shall have a lien established and determined in said decree upon the property to which his lien shall have attached to the extent hereinbefore stated. * * * The practice under this act shall be in accordance with the code of civil procedure of the State of Colorado."

The court held: "Giving these provisions a liberal construction, we must regard them as modifying the preceding statutes. * * * Such legislative action, while in accord with the principles of the reformed procedure, tends also to promote substantial justice. The pecuniary recovery is based upon a judicial investigation of all matters that would be pertinent in an ordinary action at law, a multiplicity of suits is avoided, and it will hardly be claimed that injury follows because the court, as a chancellor, determines the amount of plaintiff's recovery. Besides, the special finding of a jury may be invoked upon the question of damages, as in other equity cases. The foregoing construction is in harmony with the policy of present legislation upon this feature of the subject in hand. The act now in force places the right to a personal judgment for the sum due, though the lien itself fail, beyond possible controversy."

The following cases have also announced the rule that, where the lien fails, the plaintiff may nevertheless have a personal judgment against the defendant personally liable in the cause: Floreth v. McReynolds, 205 Mo. 143, 224 S. W. 995; Minnesota Lumber & Coal Co. v. Roinstad, 167 Minn. 111, 208 N.W. 548; Klema Realty Co. v. Fauria et al., 15 La.App. 7, 130 So. 569; Morris et al. v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528; Blinn Lumber Co. v. Pioneer Drainage Dist., 50 Cal.App. 364, 195 P. 750; Bettingen Lumber Co. v. Kerrin et al., 99 Cal.App. 686, 279 P. 163; Wyman v. Quayle, 9 Wyo. 326, 63 P. 988; Hallet v. Phillips, 73 Wash. 457, 132 P. 51; Spaulding v.

Burke et al., 33 Wash. 679, 74 P. 829; Surber v. Kittenger, 6 Wash. 240, 33 P. 507; Pioneer Sand & Gravel Co. v. Hedlund, 178 Wash. 273, 34 P.(2d) 878, 879; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 348, 103 P. 970, 24 L.R.A.(N.S.) 321, Ann.Cas.1912A, 124; Goodrich Lumber Co. v. Davie, 13 Mont. 76, 32 P. 282; Aldritt v. Panton, 17 Mont. 187, 42 P. 767; Western Plumbing Co. v. Fried, 33 Mont. 7, 81 P. 394, 114 Am.St.Rep. 799; Blake v. Crystalline Lime Co., 37 Idaho, 637, 221 P. 1100; Lus v. Pecararo, 41 Idaho, 425, 238 P. 1021; Dover Lumber Co. v. Case, 31 Idaho, 276, 170 P. 108; Millick v. O'Malley et al., 47 Idaho, 106, 273 P. 947; Young et al. v. Vail et al., 29 N.M. 324, 222 P. 912, 34 A.L.R. 980; Turner v. Enstrom, 5 Alaska, 118; 6 Bancrofts Code Practice § 5012; 18 R.C.L. 992.

An amendment has been made to the Oregon law. In section 6-102, Oregon Code 1930, it is provided: "And in an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set such matter up by answer, without the necessity of filing a complaint on the equity side of the court; and the plaintiff may, by reply, set up equitable matter, not inconsistent with the complaint and constituting a defense to new matter in the answer. Said reply may be filed to an answer containing either legal or equitable defenses. The parties shall have the same rights in such case as if an original bill embodying the defense or seeking the relief prayed for in such answer or reply had been filed. Equitable relief respecting the subject matter of the suit may thus be obtained by answer, and equitable defenses to new matter contained in the answer may thus be asserted by reply. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either

party. If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are now provided for in actions of law. No cause shall be dismissed for having been brought on the wrong side of the court."

In the case of Weith v. Klein, 136 Or. 201, 298 P. 902, 904, the court stated:

"Section 6-102, Oregon Code 1930, has caused us to declare repeatedly that a complaint cannot be dismissed if it states either a cause of suit or a cause of action, although the pleader misconstrues the nature of his proceeding. And we have also held that, if a party in his complaint alleges a cause of suit, which he fails to establish upon the trial, but succeeds in proving himself entitled to a judgment, he should not be turned out of court, but should be granted the judgment. Van Lydegraf v. Tyler, 128 Or. 236, 271 P. 740, 273 P. 719. In that case the plaintiff sought to foreclose a mechanic's lien, but failed to prove his lien; he succeeded, however, in proving that he had performed for the defendant the work mentioned in the lien notice and its value. Since he thus established facts entitling him to relief, he was granted a judgment for the value of his labor. See, also, Brakebush v. Aasen, 126 Or. 1, 267 P. 1035, and McCann v. Oregon Scenic Trips Co., supra [105 Or. 213, 209 P. 483]. In Spencer v. Wolff, 119 Or. 237, 243 P. 548, 550, this court said: 'The circuit court had jurisdiction of the cause, regardless of the question of whether or not it is a suit in equity or an action at law. No proceeding in the circuit court should be dismissed because addressed to the wrong side of the court. The cause should be disposed of according to its merits in the proper forum, notwithstanding the litigants may have mistaken their appropriate remedy.'

"It follows from the above that no amendments to the complaint were needed to transfer the plaintiff's cause from the equitable to the law side of the court. It was the duty

of the circuit court to grant the plaintiff any relief which the evidence entitled him to receive. The idle ceremony of an amendment was not required when his complaint already alleged a cause of action. Nor was it necessary to enter a decree as a prelude to a consideration of whether a cause of action had been proved. The duty was incumbent upon the court to grant the appropriate relief, however much mistaken plaintiff's attorney had been in his understanding of the nature of the proceeding."

*Jury Trial:*

Inasmuch as the Constitution of the United States (amendment 7), which is in force in the territory of Alaska, provides for a trial by jury in cases involving over $20, the question naturally arises as to whether or not the defendant has been deprived of the right of a trial by jury where the plaintiff pleads an equitable lien foreclosure cause of action, and his lien fails, and a judgment at law is given for the sum for which the defendant was personally liable to the plaintiff.

Section 17, article 1, of the Constitution of Oregon provides that the right to a trial by jury shall be inviolate, and yet we note in the case last cited from Oregon that judgments for the personal liability were entered without the interposition of a jury where the lien failed and a personal liability was shown.

The Code of Alaska always made it possible for legal and equitable matters to be tried in the same case; the equitable matters being tried by the court, and the legal matters being tried by a jury. Shields v. Mongollon Exploration Co., 137 F. 539, 547 (C.C.A.); Pacific Coast Co. v. Brown, 2 Alaska, 621; Seliner v. McKay, 2 Alaska, 564, 565; Thompson v. Burk, 2 Alaska, 249.

The same is likewise the rule in California. Donahue v. Meister, 81 Cal. 121, 25 P. 1096, 22 Am.St.Rep. 283.

Thus, if a defendant denies that plaintiff has a lien and wishes to have a jury try the question of whether or not

there is any sum owing the plaintiff from the defendant, he can set up his defenses and demand that the court try the question of the lien, and, if none is found to exist, that a jury be called to try the remaining question.

*Waiving the Right to a Jury:*

 In the present case the defendant specifically admitted owing the plaintiff a large sum of money, and in the prayer of the answer, while asking the court to decree that the plaintiff had no lien, it further asked the court to render judgment for the sum of money admitted by the defendant to be due. It in no way asked for a jury trial on the question of the sum due, but submitted that question without objection for decision to Judge Hill.

Consequently, after receiving findings of fact which were in favor of defendant as to the lien, but against the defendant as to the amount due, it is in no position to object to a proper money judgment being entered for plaintiff in this action.

The defendant will be deemed to have waived any right to a trial by jury.

 The Code of Alaska and the Code of Oregon are alike in setting forth the manner in which a jury trial may be waived. Section 1040, C.L.A.1913, section 3618, C.L.A. 1933; section 2-501, Or.Code 1930.

But a jury may be waived in other ways, to wit, by failing to demand a jury at the proper time. Weith v. Klein, 136 Or. 201, 298 P. 902; Patty v. Salem Flouring Mills Co., 53 Or. 350, 96 P. 1106, 98 P. 521, 100 P. 298; 16 R.C.L. p. 219; 35 C.J. p. 204; Gray v. Hickey, 94 Wash. 370, 162 P. 564; Pacific Iron & Steel Works v. Goerig, 55 Wash. 149, 104 P. 151; Van Lydegraf v. Tyler, 128 Or. 236, 271 P. 740, 273 P. 719; Turner v. Enstrom, 5 Alaska, 118.

 Consequently, in the construction that a plaintiff is entitled to a money judgment against a defendant personal-

ly liable even though plaintiff's lien fails, there is no violation of the constitutional right to a jury trial.

██ ██ As the trial judge made his findings of fact in this case they will not be disturbed. However, as the conclusions of law were manifestly erroneous, and as the judgment entered was not in conformity with the findings, which is essential (33 C.J. 1169), and as the pleadings specially warrant a personal judgment, the judgment should be corrected and the motion of the plaintiff will be granted to that extent; it being the clear law that, where an erroneous judgment has been entered, it may be corrected at the same term by the judge who made it, or by his successor in office. 34 C.J. 268; Nelson v. Meehan et al., 2 Alaska, 484; Id. (C.C.A.) 155 F. 1, 12 L.R.A.(N.S.) 374; Anderson v. Anderson, 89 Or. 654, 175 P. 287; First Christian Church, etc., v. Robb et al., 69 Or. 283, 138 P. 856.